446 So.2d 1135 (1984)
Kenneth BLANDING, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2271.
District Court of Appeal of Florida, Third District.
March 13, 1984.
*1136 Bennett H. Brummer, Public Defender, and Paul & Thomson and Susan H. Aprill, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
PER CURIAM.
This is an appeal from a conviction for unlawful possession of phenobarbitol [§§ 893.13(1)(e), 893.03(2)(a)4, Fla. Stat. (1982)] entered in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. The defendant Kenneth Blanding pled nolo contendere below to an information charging him with the abovestated offense and reserved for appeal the denial of his pre-trial motion to suppress the contraband which formed the basis for the instant prosecution. He contends that his initial arrest was unlawful, thereby rendering the subsequent search yielding the contraband herein unlawful. We disagree and affirm.
The contraband in question was seized from the defendant's person by a City of Miami police officer subsequent to the defendant's arrest for loitering. Although we agree that for a variety of reasons the arrest cannot be sustained for loitering under Section 856.021, Florida Statutes (1981), the arrest was nonetheless a lawful one as it was based on a probable cause showing that the defendant was selling illegal drugs on the street. An arrest based on probable cause is not rendered unlawful because the arresting officer attaches an improper label to it. Hoskins v. State, 208 So.2d 145, 146 (Fla. 3d DCA 1968), aff'd sub nom., Hoskins v. Wainwright, 263 So.2d 204 (Fla. 1972); Chippas v. State, 180 So.2d 355 (Fla. 3d DCA 1965), aff'd, 194 So.2d 593 (Fla. 1967).
The defendant was observed by the arresting officer engaging in three highly suspicious transactions in rapid succession. In the first transaction, the defendant approached on foot a vehicle in the public street, conversed with an occupant of the vehicle, and then exchanged a plastic bag for cash with the occupant; the arresting officer could not see what was in the bag. In the second transaction, the defendant again made a similar exchange with the occupant of another vehicle, although what was exchanged was apparently not seen. In the third transaction, the defendant again produced a plastic bag containing an unseen substance; as he was about to exchange it for cash in hand with yet another occupant of another vehicle, the participants, including the defendant, observed the arresting officer and fled without completing *1137 the transaction. The defendant was thereafter arrested and searched.
We think that under the "totality of circumstances" presented there was ample probable cause to believe that the defendant was selling illegal drugs. See Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Crucial to our determination here is that: (a) the defendant was plainly transferring in exchange for cash an unseen substance packaged in plastic bags, which are commonly used as containers for contraband drugs, see Adams v. State, 375 So.2d 638 (Fla. 1st DCA 1979), cert. denied, 385 So.2d 754 (Fla. 1980), to passing motorists on the street; and (b) the defendant and his customer broke off one of these transactions and attempted to flee upon seeing the arresting officer approach. These two factors, we think, gave the police probable cause to arrest the defendant and thereafter search his person. We are supported in this view by the clear weight of authority on the subject throughout the country. Professor LaFave has summarized that law in his treatise on the Fourth Amendment as follows:
"The observation of a person in possession of a certain kind of envelope or other packaging which on other occasions involving other persons has been found to conceal narcotics does not, standing alone, constitute probable cause. It has even been held that the viewing of a passing of such a container from one person to another is not enough, though it would seem that little more than that should be necessary. Certainly if money is passed in exchange there are then grounds to arrest. As noted in Peterkin v. United States:

The exchange on the street of `something' from a vial, logically presumed to be pills, is an unusual transaction. The fact that cash was passed lends greater suspicion to the event in view of the costly price of prohibited drugs. * * * As with all borderline situations regarding probable cause, innocent explanations for the activity may be imagined. But the mere possibility of other interpretations would not suffice to diminish the reasonable likelihood of illegality appearing, from the circumstances, to prudent men possessing the knowledge and experience of the officers in the case at bar."
1 W. LaFave, Search and Seizure § 3.6(b), at 654-55 (1978) (footnotes omitted) (emphasis added)
"The flight of a person from the presence of police is not standing alone sufficient to establish probable cause. Were it otherwise, `anyone who does not desire to talk to the police and who either walks or runs away from them would always be subject to legal arrest,' which can hardly `be countenanced under the Fourth and Fourteenth Amendments.' This means, for example, that when officers pulled up next to a car at a gas station to determine if it was the car about which a complaint of a loud muffler had been received, the fact that the car then drove off and continued on even when pursued by the police did not provide a basis for arresting the occupants.
But, as the Supreme Court recognized in Peters v. New York, flight is a `strong indicia of mens rea.' Thus, if there already exists a significant degree of suspicion concerning a particular person, the flight of that individual upon the approach of the police may be taken into account and may well elevate the preexisting suspicion up to the requisite Fourth Amendment level of probable cause."
1 W. LaFave, Search and Seizure § 3.6(e) at 669 (1978) (footnotes omitted) (emphasis added)
This legal analysis, in turn, is fully consistent with the comparable Florida law on the subject. See Council v. State, 442 So.2d 1072 (Fla. 3d DCA 1983); Bush v. State, 369 So.2d 674 (Fla. 3d DCA 1979); Skelton v. State, 349 So.2d 193 (Fla. 3d DCA 1977).
The trial court therefore properly denied the defendant's motion to suppress below. The conviction under review is accordingly
Affirmed.