453 So.2d 517 (1984)
Jerry Maurice WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 84-665.
District Court of Appeal of Florida, Second District.
August 1, 1984.
*518 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Defendant appeals from a conviction of grand theft. We find that the trial court erred in refusing to suppress the stolen items as the product of an unlawful stop and remand to the trial court.
In a pretrial motion, defendant moved to suppress the stolen property as the fruit of an illegal stop. At the suppression hearing, the arresting officer testified that he observed defendant and a companion walking along Marsh Avenue just north of Ballard Road in Fort Myers, Lee County, Florida. According to the officer, the general vicinity including a school had been recently victimized by burglaries. After approximately forty-five seconds of observation, he stopped the men out of fear for the safety of the businesses, school building, and residences in the area. The officer admitted that the men's behavior was not unusual or incongruous during the short observation period. During the stop, defendant supplied the officer with a false name and birthdate. Defendant was then arrested on an obstruction of justice charge. During the booking process on that charge, items were discovered under defendant's hat that led to the instant grand theft charge and conviction.
The sole basis for the stop was defendant's presence at midnight in an area recently victimized by burglaries. In State v. Levin, 452 So.2d 562 (Fla. 1984), the supreme court disapproved this court's holding in Boal v. State, 368 So.2d 71 (Fla. 2d DCA 1979), making it abundantly clear that these two factors, standing alone, are insufficient to justify even an investigative stop under section 901.151, Florida Statutes (1983).
Nothing that transpires after the initial stop can be used to validate the unlawful stop. See Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976), petition for review dismissed, 347 So.2d 432 (Fla. 1977).
The trial court erred in not granting defendant's motion to suppress the property underlying the grand theft charge. Accordingly, we REVERSE defendant's conviction of grand theft, SET ASIDE the sentence, and REMAND to the trial court for proceedings consistent with this opinion.
RYDER, C.J., and DANAHY, J., concur.