BASKIN, Judge.
After pleading nolo contendere to the charge of possession of cocaine, and reserving his right to appeal the trial court’s denial of his motion to suppress, defendant Juan Albert Antela filed his appeal. We reverse.
According to the police officer’s testimony at the suppression hearing, Antela and others were observed standing in front of a convenience store at which several robberies had recently occurred. When Antela noticed the officer in a marked police car, he left on his bicycle. The officer stopped Antela approximately two blocks from the store. After ascertaining that there was a warrant for Antela’s arrest, the police offi *424 cer arrested him, conducted a search, and found cocaine in Antela’s pocket.
The described circumstances “were clearly insufficient to give rise to anything more than a bare suspicion” of criminal behavior. Mullins v. State, 366 So.2d 1162, 1163 (Fla.1978); see Cobb v. State, 511 So.2d 698, 12 F.L.W. 2033 (Fla. 3d DCA 1987); Parker v. State, 363 So.2d 383 (Fla. 3d DCA 1978); Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976), cert. dismissed, 347 So.2d 432 (Fla.1977). Thus, the officer lacked sufficient grounds to stop Antela, and the trial court erred in denying the motion to suppress.
Reversed.
HUBBART, J., concurs.