LEHAN, Judge.
Defendant appeals from the denial of her motion to suppress capsules of a controlled substance found by the police in defendant’s purse. We reverse.
The capsules were seen by a police officer in the purse while defendant was looking for her driver’s license after the officer had stopped defendant’s car. The officer had no proper basis to stop defendant. The only justifications for the stop were the officer’s testimony that, “Initially I stopped the vehicle to find out if the person was lost, and to let them know they were in a bad part of town and there was some danger being in that location at that particular time,” that the defendant “was a white female traveling alone,” and that “being a police officer, I was cynical. I figured the person was either lost or there to score some dope.”
The capsules should have been suppressed as the product of an unlawful stop. See Morris v. State, 519 So.2d 706 (Fla. 2d DCA 1988); Ward v. State, 453 So.2d 517 (Fla. 2d DCA 1984); Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976). That defendant was determined to have been driving with a suspended license is of no moment because that determination also resulted from the improper stop. See Ward.
*372 Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and SCHOONOVER, J., concur.