524 So.2d 1108 (1988)
Terry Lee JENKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2099.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Bennett H. Brummer, Public Defender, and Samek & Besser and Lawrence Besser, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
The defendant, Terry Lee Jenkins, appeals a jury conviction and sentence for possession of cocaine which followed the denial of his motion to suppress the evidence. We reverse.
The defendant and a companion were walking briskly along a public street at night in a busy commercial district. The *1109 police were conducting an "area check" of the neighborhood which was known to have a high crime rate. Solely because Jenkins placed his left hand behind his back as if to put something into his pants, the police singled him out for a stop and pat-down search. The police ordered Jenkins to place his hands against the police car while a frisk was conducted; no weapon was found. During the pat-down search Jenkins dropped a white paper napkin which, when retrieved, was found to contain packets of cocaine. Because these facts form an insufficient basis for a stop and frisk, the court should have granted Jenkins' motion to suppress.
It is well established that a police officer's bare suspicion that illegal activity is afoot does not support the detention of an individual. Coladonato v. State, 348 So.2d 326 (Fla. 1977). To justify a temporary detention the officer must have a founded, articulable suspicion that the individual has committed, is committing, or is about to commit, a crime. Levin v. State, 449 So.2d 288 (Fla. 3d DCA 1983), approved, 452 So.2d 562 (Fla. 1984); § 901.151, Fla. Stat. (1987). "A `founded' suspicion is one which has some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge." G.J.P. v. State, 469 So.2d 826, 827 (Fla. 2d DCA 1985). An individual's presence in a high crime area is not a sufficient basis upon which to conclude he is engaged in, or about to commit, a crime. Ward v. State, 453 So.2d 517 (Fla. 2d DCA 1984). Furthermore, the defendant's action in placing his hand behind his back was an insufficient basis to raise a bare suspicion to a founded suspicion. See R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983) (fact that defendant quickly placed his hand in pocket after seeing police car did not give rise to founded suspicion).
Reversed and remanded with instructions to discharge the defendant.