537 So.2d 1080 (1989)
Thomas A. GIPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-847.
District Court of Appeal of Florida, First District.
January 20, 1989.
Rehearing Denied March 1, 1989.
Louis O. Frost, Jr., Public Defender and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
*1081 BARFIELD, Judge.
Thomas A. Gipson pled nolo contendere to one count possession of cocaine in violation of section 893.13(1)(e), Florida Statutes (1987), specifically reserving his right to appeal the denial of his motion to suppress the cocaine seized during a stop and frisk. We hold that the trial court abused its discretion in denying the motion and accordingly reverse appellant's conviction.
At 10:00 a.m. on a Saturday morning plainclothes robbery Detectives Hill and Robinson were patrolling an area of Jacksonville known for drug deals looking for a robbery suspect. They sighted Gipson, another man and a woman, a half block away, huddled together behind a bar, engaged in what the officers believed to be a drug transaction. The bar had recently been the scene of a murder. The detectives exited their car, but before they could identify themselves, the three individuals fled in different directions. Hill stopped the woman, and found a pipe in her hand and a piece of rock cocaine which she had thrown to the pavement.
Within seconds after Hill stopped the woman, Robinson received a radio call from another officer who had observed Gipson running several blocks away. He detained Gipson until Hill and Robinson arrived and identified him. Hill then searched Gipson and found a pipe in his pants pocket and three plastic bags containing cocaine residue in his shirt pocket. He was arrested for possession of cocaine and drug paraphernalia. Nearby the detectives found a car with its engine running, which Gipson subsequently admitted was his father's vehicle. Hill testified that he had observed the individuals with their hands held in front of them, but did not see the exchange of either drugs or money. He testified that Gipson was not a suspect in the robbery or any other crime and that before he searched Gipson, he did not know that the car found nearby belonged to him. He testified that when he patted down Gipson he had no reason to believe that he was armed, but that he always conducted such a search for his own safety, especially in light of the recent murder at the bar.
In denying appellant's motion to suppress the cocaine and the pipe, the trial court stated that the officers had probable cause to stop appellant because of the suspicious activity of the three individuals in a high crime area and their subsequent flight. The court stated that it was not the running itself that was unlawful, but that combined with all the other circumstances, the flight helped to create probable cause so that the stop was justified. The state dropped the paraphernalia charge and stipulated to the dispositive nature the trial court's order denying the motion to suppress.
The "Florida Stop and Frisk Law", section 901.151, Florida Statutes (1987), authorizes the temporary stop and detention of an individual based upon a police officer's founded suspicion of criminal activity for the purpose of ascertaining identity and the circumstances giving rise to the suspicion. If the officer has probable cause to believe that the individual is armed, the officer may conduct a search to the extent necessary to disclose the weapon.
A founded suspicion requires a "factual basis in the circumstances observed by the officer." State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). The court may consider "the time of day, the day of the week, the location, the physical appearance and behavior of the suspect, the appearance and manner of operation of any vehicle involved or anything incongruous or unusual in the situation as interpreted in light of the officer's knowledge." Id. However, a bare suspicion of criminal activity is insufficient to justify an investigatory stop. Id.
Flight from an approaching officer, even in a high crime area, without more, does not give rise to a founded suspicion of criminal activity and does not justify a stop and frisk. Antela v. State, 514 So.2d 423 (Fla. 3d DCA 1987) (leaving an often-robbed convenience store upon sighting police); Bastien v. State, 522 So.2d 550 (Fla. 5th DCA 1988) (attempted flight when SWAT team members converged on bar in high crime area with arrest warrants for other individuals); Cobb v. State, 511 So.2d 698 *1082 (Fla. 3d DCA 1987) (running upon sighting police in a high crime area); Jackson v. State, 319 So.2d 617 (Fla. 1st DCA 1975) (ending conversation with another individual and walking briskly in the opposite direction); McClain v. State, 408 So.2d 721 (Fla. 1st DCA 1982) (police stopped defendant only because he seemed to be avoiding them as he walked down the street); Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988) (defendant, in a high crime area, after talking with a known drug dealer, walked, but not away, with his fists clenched in a non-threatening manner; no exchange of money or drugs took place). Likewise, a quick movement by a person "as if to conceal something" behind his hip, while sitting on the front porch of a house located in a high crime area, amounts to a legally insufficient reason to justify an investigatory stop. See Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987).
By stating that probable cause arose to stop Gipson, the lower court applied the wrong standard. However, assuming that the trial court had the correct standard in mind, Detective Hill articulated no more than a mere suspicion that Gipson was involved in criminal activity. Although the three individuals appeared to be involved in a drug transaction, Hill did not observe the exchange of drugs or money, nor did he suspect Gipson in the robbery or any other crime. Additionally, the car found nearby was determined to be Gipson's vehicle only after he was stopped. Also, Hill's testimony indicated that Gipson was stopped prior to or at the same time that the female was apprehended. The discovery that she possessed cocaine and a pipe therefore did not justify the stop of Gipson. Under these facts, Gipson and his companions' behavior might have aroused the officers' suspicions, but it otherwise did not amount to a founded suspicion of criminal activity to justify a stop and frisk. As a result of the illegal detention, the seizure of the cocaine found during the subsequent search was invalid and the evidence should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The state's reliance upon Blanding v. State, 446 So.2d 1135 (Fla. 3d DCA 1984), is inappropriate. In Blanding, the police observed the defendant engage in "three highly suspicious transactions in rapid succession," all of which involved the open exchange by the defendant of unseen substances packaged in plastic bags for money to passing motorists. The third transaction was not completed because the defendant fled upon seeing the police. The court upheld the subsequent arrest and search because the "totality of circumstances" gave rise to a belief based upon probable cause that the defendant was selling illegal drugs. Id. at 1137.
Even if the stop were valid the subsequent search was impermissible. Hill testified that it was his normal procedure to conduct such a search. However, he had no reason to believe that Gipson was armed other than the fact that a murder had recently occurred at the bar. These are legally insufficient reasons to satisfy the probable cause standard. Meeks v. State, 356 So.2d 45 (Fla. 2d DCA 1978); Redfin v. State, 453 So.2d 425 (Fla. 5th DCA 1984); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984).
Gipson's conviction is REVERSED.
WIGGINTON, J., concurs.
JOANOS, J., dissents with written opinion.
JOANOS, Judge, dissenting.
I respectfully disagree with the majority view. The circumstances observed by Detective Hill appear to me to be sufficient to give rise to the required founded suspicion.