SHIVERS, Chief Judge.
Appellant challenges the trial court’s denial of his motion to suppress both physical evidence and statements. We find that the trial court abused its discretion in denying the motion, and accordingly reverse and remand.
The record on appeal indicates that an anonymous tipster telephoned the Jacksonville Police Department at approximately 5:30 p.m. on March 29, 1989, reporting that there were several black males selling drugs on the corner of Fifth and McMillan Streets. Officer Robert Phelps and his partner were dispatched to the scene within five minutes. The anonymous tip contained no description of any of the individuals allegedly selling drugs, no indication of their heights, ages, clothing, etc., and no description of the activities the individuals were allegedly engaged in, and no indication of what types of drugs the individuals were allegedly selling. Upon approaching the corner of Fifth and McMillan, Officer Phelps observed several black males, some sitting on bicycles and some standing. As he parked his marked patrol car, the individuals, according to Phelps, “attempted to walk off in different directions.” Phelps then ordered all of the individuals to stand against the patrol car, and searched each one. An automatic pistol and six rounds of ammunition were found on the appellant, and he was placed under arrest for carrying a concealed firearm. No drugs were found on any of the individuals.
Officer Phelps testified that it was his “usual procedure” to perform pat-down searches for purposes of “officer safety,” and stated that the specific reason he performed the pat-down in this case was that the area was a “high drug area,” that there had been several homicides in the neighborhood, that there were several shootings daily, and that he had received a call stating that black males were selling drugs. He testified that he did not observe any protrusions or bulges on appellant’s person before conducting the pat-down, and stated “He just had a baggy shirt on. I couldn’t *1258 tell.” Phelps also stated that the corner of Fifth and McMillan was in a predominantly black neighborhood, that there was nothing unusual about seeing several black males in the neighborhood, and that he did not personally observe appellant commit any illegal acts or do anything that he suspected was criminal in nature. After appellant was arrested, it was determined that his home was within one block of the corner of Fifth and McMillan Streets.
The trial court denied appellant’s motion to suppress without comment. Appellant was then adjudicated delinquent and sentenced to community control.
A police officer may temporarily stop and detain an individual pursuant to section 901.151, Florida Statutes, only where he has a founded suspicion of criminal activity. When the officer has probable cause to believe that the individual is armed, he may also conduct a pat-down search to the extent necessary to disclose a weapon. Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989). Neither the initial detention nor the subsequent pat-down search of the appellant in the instant case were valid. First, an anonymous tip may provide the basis for a founded suspicion and, therefore, support a detention under section 901.151. In order to do so, however, the tip must contain specific and detailed information. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved Hetland v. State, 387 So.2d 963 (Fla.1980); McKee v. State, 430 So.2d 983 (Fla. 3d DCA 1983); Bussey v. State, 528 So.2d 955 (Fla. 3d DCA 1988). An anonymous tip which is vague and nondescriptive may not provide the founded suspicion to support a detention. See Phillips v. State, 536 So.2d 1145 (Fla. 1st DCA 1988); State v. Hetland, supra; Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976).
In the instant case, the anonymous tip by itself was vague and nondescriptive and, therefore, insufficient to provide Officer Phelps with a founded suspicion. Moreover, Phelps failed to observe any suspicious activity or behavior at the scene which could have provided a founded suspicion independent of the anonymous tip. See Wright v. State, 418 So.2d 1087 (Fla. 1st DCA 1982) (although the information provided in the tip failed to carry the required specificity or indicia of reliability, when it combined with the police officer's observations, all of the circumstances furnished the officer with a founded suspicion to stop the defendant). Even assuming the individuals’ attempts to “walk off in different directions” could be said to constitute flight, the case law is clear that flight alone, even in a high crime area, does not give rise to a founded suspicion sufficient to justify a detention. Gipson, supra; Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987).
Second, even assuming arguendo that the detention of the appellant was based on a founded suspicion, it is clear from Officer Phelps’ testimony that he had no probable cause whatsoever to believe that the appellant was armed, other than the fact that the corner of Fifth and McMillan was in a high drug and high crime area. As this court held in Gipson, supra, these are legally insufficient reasons to satisfy the probable cause standard. Phelps’ pat-down search was therefore unlawful, and the evidence seized as a result thereof should have been suppressed.
Accordingly, the trial court’s denial of appellant’s motion to suppress is hereby reversed, and this cause remanded for further proceedings.
WENTWORTH and WIGGINTON, JJ., concur.