NIMMONS, Judge.
The appellant was adjudicated a delinquent child on the basis of his having been found guilty of possession of cocaine. On appeal, appellant asserts that the trial court erred in denying his motion to suppress the subject cocaine which was seized from his person. We agree and reverse.
The testimony of police officer Nelson, upon which the motion to suppress was decided, is straightforward and basically undisputed. Officer Nelson was alone in a marked police car conducting a drug investigation. He received a radio message from other officers in the area that a black male was running from them. Nelson saw the appellant running from the area indicated by the radio message. Nelson drove his car in front of appellant. Nelson exited the car and directed the appellant to come over to him which the appellant did. Nelson noticed a plastic bag protruding from the appellant’s pocket. While patting him down for weapons, Nelson felt some small items in the same pocket. Nelson asked the appellant what was in the pocket and the appellant answered that it was “crack.” Nelson removed the substance which proved to be crack cocaine. After removing the substance from the appellant’s pocket, Nelson placed him under arrest.
In support of the subject search and seizure, the state relies upon additional facts which are apparently derived from a pretrial deposition of Officer Nelson. Such additional facts are that Nelson’s fellow officers who radioed him had observed a suspicious transaction involving the appellant and another person wherein the appellant was observed stuffing something in his pocket and running away.
Although a transcript of Nelson’s deposition is a part of the record on appeal in this case, such deposition testimony was not introduced into evidence or otherwise received by the court as part of the evidence upon which the subject motion was determined or the appellant’s guilt decided. The issue before us must be decided based solely upon the testimony and evidence properly presented before the trial court.
Officer Roberts did not have the requisite founded suspicion justifying the stopping and detaining of the appellant. See Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989). Basically, the only evidence purporting to justify the appellant’s being stopped was his appearing to run from the officers. It has been held that such is insufficient. Gipson, p. 1081 (and cases cited thereat).
Accordingly, the order adjudicating appellant a delinquent child is REVERSED.
SHIVERS, C.J., and ERVIN, J., concur.