559 So.2d 407 (1990)
M.A.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2807.
District Court of Appeal of Florida, First District.
April 10, 1990.
*408 Louis O. Frost, Jr., Public Defender, James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which he was adjudged to have committed a delinquent act as a juvenile. The order was entered after the denial of a motion to suppress physical evidence and statements. We find that the evidence and statements were obtained by an unlawful search, and that the motion to suppress should have been granted; we therefore reverse the order appealed.
Appellant was arrested at the entrance to an apartment complex described by the arresting officer as an area known for "high narcotic activity." The officer was engaged in a drug surveillance operation and encountered appellant attempting to enter the apartment complex in a taxi cab. The officer made inquiry as to appellant's identity and purpose. Appellant produced identification and advised the officer that he had come to the area to see his girlfriend, but was able to only vaguely identify his girlfriend and her apartment. The officer felt that appellant was "getting real nervous," and asked him to step out of the vehicle. Appellant did so and the officer conducted a pat-down to check for weapons, whereupon he felt something in appellant's socks. The officer then removed some manila envelopes from appellant's socks, looked in the envelopes, and discovered what appeared to be crack cocaine. The officer testified that he removed the envelopes from appellant's socks "to make sure it wasn't a knife, or something," but admitted that the item had not felt like a hard metal object. After argument was presented and the court noted that the officer's "procedures proved significantly more effective ... than other available less intrusive means," the motion to suppress was denied.
Appellant does not contest his initial detention, but does challenge the subsequent weapons search. The state concedes that the search "exceeded the scope permitted under section 901.151, Fla. Stat.," and we agree. Section 901.151 is the "Florida Stop and Frisk Law" and authorizes the temporary stop and detention of an individual based upon a founded suspicion of criminal activity. See e.g., Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989). The statute also permits a weapons search of a detained individual when a sufficient articulable suspicion supports the belief that an individual is armed with a dangerous weapon. See section 901.151(5), Florida Statutes; L.D.P. v. State, 551 So.2d 1257 (Fla. 1st DCA 1989); Thompson v. State, 551 So.2d 1248 *409 (Fla. 1st DCA 1989). In the present case the officer testified that there was no indication that appellant was armed, and stated that the pat-down search was conducted merely as a matter of routine practice. Neither the officer's normal practice, nor appellant's presence in a high drug crime area, may satisfy the requisite standard of probable cause. See Gipson, supra; see also L.D.P., supra. Nor did the officer's discovery of the manila envelopes justify an inspection of the contents thereof in the circumstances here presented. See White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984), pet. for rev. denied 464 So.2d 556 (Fla. 1985). While, as the lower court suggested, the officer's procedures may have been "effective," the search was unlawful and appellant's motion to suppress should have been granted.
The order appealed is reversed and the cause remanded.
ERVIN and BARFIELD, JJ., concur.