GERSTEN, Judge.
Appellant, J.D., a juvenile, appeals from an adjudication of delinquency based on possession of cocaine. We reverse.
The facts in this case are straightforward. Appellant, with a closed fist, was walking down a street, away from two approaching police officers, in an area known for drug transactions. The officers approached appellant and without any comment or consent grabbed appellant’s wrist. One officer forced appellant’s hand open, revealing two envelopes containing rock cocaine.
Appellant was arrested by the two police officers, both of whom testified regarding the circumstances leading to the arrest. The first officer testified that he observed appellant in what the officer considered a high crime area, in the company of an adult male. The officer further testified that his basis for approaching appellant was:
The mere fact that the way he walked away from me and he had a closed hand throughout the whole time that he was walking.... And the mere fact that he was coming out of this area.
The first officer alleged that he grabbed appellant’s wrist for his “safety and my partner’s safety,” since “in his experience” he has known people to carry weapons in their closed fist. Appellant was walking away from the officer and it appears he posed no danger to the officers. Nonetheless, the officer grabbed appellant’s wrist and discovered the cocaine.
The second officer also testified as to “what brought his attention to, or brought him in contact with” appellant:
We were patrolling one of our narcotics areas that’s known for a lot of sales and *100 use. And the Defendant here, along with another white male, we observed them coming out of the — from the hotel, like, where they sell. The come down a back street. At that time, they were stopped.
Appellant moved to suppress the seized cocaine because of an illegal stop. The trial court denied appellant’s motion and appellant pled nolo contendere reserving his right to appeal the trial court ruling on this suppression issue.
 A police officer may temporarily detain a person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a crime. § 901.151, Pla.Stat. (1989). Such circumstances, however, do not include presence in a high crime area, even though attempting to conceal something, Jenkins v. State, 524 So.2d 1108 (Fla. 3d DCA 1988), running away from police in a high crime area, Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987), walking in the company of a drug dealer, Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988), or walking away from police briskly, Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980). Similarly, appellant’s closed fist also does not give rise to circumstances sufficient to justify a stop. See Mosley, 519 So.2d at 58.
The State concedes that flight from an approaching officer, even in a high crime area, does not give rise to a founded suspicion of criminal activity justifying a stop and frisk. Nevertheless, the State, relying on Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989), contends that the police officer had a reasonable belief that appellant was armed, giving rise to the initial stop.
The State’s reliance on Gipson is unfounded. In Gipson, the court reiterated the well established rule that flight from an approaching officer, even in a high crime area, does not justify a stop and frisk. Gipson at 1081. The Gipson court also held that: (1) bare suspicion of criminal activity; (2) quick movements as if to conceal something; and (3) engaging in what appeared to be a drug transaction were all legally insufficient reasons to justify an investigatory stop. Gipson, 537 So.2d at 1081-1082.
The officers in Gipson testified that a search was conducted for officer safety. The result of the search in Gipson resulted in drugs, not weapons. The court in Gip-son found no legally sufficient reasons to justify the stop, or give probable cause to the officers to believe that Gipson was armed.
The facts in this case are more similar to Jenkins v. State, 524 So.2d 1108 (Fla. 3d DCA 1988). In Jenkins, police officers were conducting a regular check of a high crime area where they encountered two people walking briskly along a public street.
The defendant in Jenkins was observed placing his hand behind his back as if attempting to conceal something. The police officers frisked the defendant and discovered packets of cocaine. In Jenkins, this court held that the officers were not justified in detaining the defendant, and that the evidence seized should have been suppressed.
Just as the facts in Jenkins did not justify a detention, nothing in the facts of this case mandate a different result. Accordingly, We reverse and remand.
COPE, J., concurs.
BARKDULL, J., dissents.