PER CURIAM.
We review by appeal the order denying appellant’s motion to suppress cocaine seized from him by the arresting officer. We find no error in the trial court’s ruling that the motion was not untimely filed under the circumstances shown on this record. Accordingly, we agree with appellant that the court’s denial of the motion is reviewable on this appeal. The court erred, in denying the motion, however, as the circumstances shown by the evidence are legally insufficient to support the state’s contention that the officer had a well-founded suspicion to detain appellant under section 901.151, Florida Statutes (1989). See Curry v. State, 532 So.2d 1316 (Fla. 1st DCA 1988); Anderson v. State, 576 So.2d 319 (Fla. 2d DCA 1991); Jenkins v. State, 524 So.2d 1108 (Fla. 3d DCA 1988); G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985); Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978). In view of this holding, we need not address the state’s reliance on Reynolds v. State, 558 So.2d 127 (Fla. 1st DCA 1990), which we find to be factually distinguishable in material respects in any event.
The appealed conviction is reversed and the case remanded with directions to discharge the appellant.
REVERSED AND REMANDED.
JOANOS and ZEHMER, JJ., and CAWTHON, Senior Judge, concur.