580 So.2d 324 (1991)
Demetrius McDOUGAL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00029.
District Court of Appeal of Florida, Second District.
May 29, 1991.
*325 Geoffrey A. Foster, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from the denial of his motion to suppress cocaine found on him after an officer's stop of the car defendant was driving and an ensuing search. We reverse because we agree with defendant's contention that the stop was unlawful. We therefore need not address his contention concerning the search which was made after defendant and the officer exited their cars and the officer ordered defendant back to the officer's car.
The officer had known defendant for several years. He pulled defendant's car over in order to give defendant information defendant had sought from the officer two weeks earlier concerning the return to defendant of certain firearms. Apparently defendant had attempted to contact the officer several times but had been unable to reach him, and the officer had not been able to get back in touch with defendant. When the officer saw the defendant driving his car, the officer followed defendant for approximately a mile and a half and then turned on the blue light on the officer's unmarked car and pulled the defendant over. The officer testified that his "intentions at the stop were to inform him of the proper procedure he would have to take to get his firearms back due to the fact that he had been trying to contact me and I was out of the office a lot, and I just wasn't able to get his phone calls."
The officer's exercise of police authority to stop defendant in that manner under these circumstances without any basis for believing that defendant had committed or was about to commit a crime is not shown to have been justified. The defendant's right to privacy tips the balance against the government's minimal legitimate interest in these circumstances. See United States v. Dunbar, 470 F. Supp. 704 (D.C.Conn. 1979). See also Brownstein v. State, 521 So.2d 371 (Fla. 2d DCA 1988).
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and PARKER, J., concur.