592 So.2d 1237 (1992)
Michael Eugene BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1703.
District Court of Appeal of Florida, First District.
January 31, 1992.
Nancy A. Daniels, Public Defender, Carol Ann Tucker, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Brown raises two issues on appeal: (1) Whether the trial court erred by denying appellant's motion to suppress; (2) whether the trial court erred in failing to make findings necessary to support imposition of a habitual felony offender sentence.
We find no merit as to issue II and affirm without comment. We also find that the police had a reasonable and founded suspicion of criminal activity which justified an investigative detention. We, therefore, affirm.
The appellant was arrested on December 8, 1990, by Officer William Johnson. Johnson testified that he had received a tip from a confidential informant on whom he had relied previously to obtain arrests and convictions. The informant told Johnson that a black male in the company of a black female was selling crack cocaine from a plastic bag at the corner of Pippin Street and Florida Avenue. The informant described the man by giving his approximate height and weight, and describing what the man was wearing. No other information was provided to Johnson. Johnson testified that he went immediately to the area described by the informant and there observed a black man who fit the description *1238 provided by the informant. The black man was accompanied by a black female, and both were seen getting into a green Cadillac driven by a white male. Johnson testified that he did not see an exchange of money or drugs. Johnson testified that he followed the automobile as it was being driven away, and he stopped the car after two or three blocks. During the stop, Johnson observed a crack pipe between the appellant's feet, and he discovered a plastic bag containing crack cocaine hidden in the appellant's mouth.
Section 901.151, Fla. Stat. (1989), Florida Stop and Frisk Law, provides, in pertinent part, as follows:
(2) Whenever any law enforcement officer of the state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state ... he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense... .
(4) If at any time after the onset of the temporary detention authorized by subsection (2), probable cause for arrest of person shall appear, the person shall be arrested. If, after an inquiry into the circumstances which prompted the temporary detention, no probable cause for the arrest of the person shall appear, he shall be released.
The Florida Stop and Frisk Law authorizes the temporary stop and detention of an individual based upon a police officer's founded suspicion of criminal activity. See, e.g., Hill v. State, 561 So.2d 1245 (Fla. 2nd DCA 1990). A reasonable or founded suspicion to support an investigatory stop is more than mere suspicion, but less than probable cause. See State v. Smith, 477 So.2d 658 (Fla. 5th DCA 1985). In Kehoe v. State, 521 So.2d 1094 (Fla. 1988), the supreme court said, "To determine if there were ample grounds to give the police officers a founded suspicion of criminal activity, we look at the cumulative impact of the circumstances perceived by the officers." Id. at 1096. The propriety of an officer's founded suspicion is assessed by consideration of such factors as the time of day, the physical appearance and behavior of the suspect, or anything unusual in the situation as interpreted in light of the officer's knowledge. Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989).
In Hetland v. State, 387 So.2d 963 (Fla. 1980), the Florida Supreme Court held that under certain circumstances information obtained from an anonymous tip can be the basis of reasonable suspicion for a valid stop and frisk. In State v. Hewitt, 495 So.2d 809 (Fla. 1st DCA 1986), rev. denied, 504 So.2d 768 (Fla. 1987), this court noted that a tip from a known confidential informant has even more status than an anonymous tip. Id. at 814. The dissenting opinion in Trotman v. State, 581 So.2d 599 (Fla. 2nd DCA 1991), put it this way:
Anonymity is an important variable. An informant whose identity is known to the police can be subjected to a background check. He or she can be subpoenaed and cross-examined. Motivation for providing information can be determined. A known informant can be legally accountable for false information. These factors are all missing when the informant is merely a voice on the other end of the telephone line.
581 So.2d at 602.
In this case, the following facts were presented in testimony:
1. The informant was known to be reliable.
2. The informant provided a physical description of the suspect, a description of the suspect's clothing, the exact location of the suspect, and told Officer Johnson that the suspect was selling crack cocaine.

*1239 3. Immediately (within five minutes), the police officer went to the corner where the confidential informant said the suspect would be found.
4. Officer Johnson found the suspect at the location where the informant said he would be; the suspect fit the physical description provided by the confidential informant.
5. The area to which Officer Johnson was directed was known for its drug transactions.
6. Officer Johnson witnessed the suspect and his companion (both black) getting into a car with a white driver, in a predominantly black neighborhood, at 3:00 o'clock in the morning.
In the instant case, given the circumstances as perceived by Officer Johnson, in addition to the fact that the initial tip was from a reliable confidential informant, we find that there was a founded suspicion for the stop of the appellant.
WIGGINTON and BARFIELD, JJ., concur.