597 So.2d 870 (1992)
Gary ESTEP, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02346.
District Court of Appeal of Florida, Second District.
April 8, 1992.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was convicted of possession of illegal drugs. On appeal, he challenges the trial court's denial of his motion to suppress, arguing that the officer who stopped him did not have the required founded suspicion to do so. We agree and reverse.
At approximately 6:00 a.m., Detective Ross observed a Thunderbird with a Michigan tag pull into and then out of a closed service station along U.S. 41. He stopped the Thunderbird. Appellant was sitting in the passenger seat.
When asked why he pulled the car over, Detective Ross replied, "Find out why they wanted to go into a closed gas station." He also specified that they had been driving rather slowly in a darkened commercial area. Following a search, officers discovered cocaine and heroin inside the vehicle.
Under section 901.151, Florida Statutes (1989), an officer must have a founded suspicion of criminal activity before he can make a stop. A hunch is not enough. The circumstances here were simply insufficient to support the stop. The officer said that the reason he stopped the car was to find out why the occupants wanted to go into a closed service station. This does not rise to the level of a founded suspicion. See Aguila v. State, 567 So.2d 1007 (Fla.3d DCA 1990); Ward v. State, 453 So.2d 517 (Fla. 2d DCA 1984); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). As argued by appellant, these circumstances are equally suggestive of travel-weary tourists looking for a restroom or a cup of coffee.
CAMPBELL, A.C.J., and PARKER and ALTENBERND, JJ., concur.