RYDER, Acting Chief Judge.
John Allen Randall appeals from a conviction for possession of burglary tools. Randall argues that the evidence was insufficient to support the conviction, and that the trial court erred in denying his motion to suppress. We agree with his contention that the trial court erred in denying the motion to suppress, and, therefore, we need .not address the sufficiency of the evidence. Because the evidence does not show that at the time of the stop there was a founded suspicion that criminal activity was afoot, there was no probable cause to arrest appellant. Thus, the evidence seized thereafter was subject to suppression.
The following facts were presented at the hearing on the motion to suppress the evidence. St. Petersburg Police Department Officer Earl Kooley was patrolling the 4700 block of Central Avenue, an area in which numerous burglaries had occurred according to information’he had previously received. Around 11:45 p.m., he first observed appellant wearing dark clothes and walking west through an alley south of Central Avenue. Kooley drove around to a point a few blocks west and entered the alley going east. Appellant was walking close to the buildings while looking back and forth. Kooley had not received any *554 dispatch advising him of any ongoing crimes or observed appellant doing anything illegal or improper. Appellant then turned onto 46th Street and started walking north. Kooley suspected a possible burglary and stopped appellant in the middle of the street, telling him that he would turn his K-9 dog loose if he tried to run away. As instructed, appellant placed his hands on the hood of the cruiser, and a pair of white socks fell out from underneath his arm. He then called for a backup unit, and while he waited asked appellant his name and destination. Appellant identified himself as Jackie Randall and stated he was going to a friend’s house, but could not give the friend’s name or a specific address. After the backup unit arrived, Koo-ley patted appellant down. He felt a hard object in the front of appellant’s pants which turned out to be a tire iron.
To justify a stop and frisk, the officer must have a well-founded suspicion that the person in question has committed, is committing, or is about to commit a crime. § 901.151(2), Fla.Stat. (1989); State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). The facts of the instant case do not show that at the time of the stop that there was a founded suspicion that criminal activity was afoot. Being out on the public street during late hours in an area where burglaries have been committed in the past does not constitute a valid basis for a detention. Levin v. State, 449 So.2d 288 (Fla. 3d DCA 1983), approved, 452 So.2d 562 (Fla.1984). The arresting officer had received no report of ongoing criminal activity in the area, and he had not observed appellant do anything illegal. The officer’s articulated suspicions do not rise to the level of a justified belief that appellant was about to commit a crime.
We find the motion to suppress should have been granted and, accordingly, reverse, set aside the judgment and sentence, and remand for further proceedings consistent with this opinion.
FRANK and PARKER, JJ., concur.