603 So.2d 40 (1992)
C.F., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2826.
District Court of Appeal of Florida, Fourth District.
July 22, 1992.
Rehearing Denied September 1, 1992.
*41 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
C.F. appeals from the denial of his motion to suppress evidence seized by police after an investigatory stop. C.F. was one of two suspects detained by police, following an anonymous tip. The tipster described the suspects' approximate height, weight, age and dress; related that the suspects stood in front of a house at 2130 Adams Street; that, from there, they would approach cars passing by, have short conversations with the drivers, and "do what appeared to be a drug transaction"; and that cocaine being sold by the suspects could be found in a plastic cup hidden in a specific place at the named address. Within a minute of their dispatch, the officers arrived at the given address, where they saw three youths fitting the description given by the tipster, and dressed as described. The youngsters immediately took flight and, after a very brief chase, the officers caught and detained them. They returned the boys to the house where they found the plastic cup in the place described. It contained rock cocaine. After being advised of his rights, C.F. admitted the cocaine belonged to him.
It is well established that:
A valid stop and frisk may be based on information obtained from an anonymous tipster if that information appears sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip itself.
Hetland v. State, 387 So.2d 963 (Fla. 1980). The information may be of such detail that it raises an inference of reliability. In the Interest of G.A.R., III, 387 So.2d 404 (Fla. 4th DCA 1980). The degree to which those details are corroborated by police observation may justify an investigatory detention. Bussey v. State, 528 So.2d 955 (Fla. 3d DCA 1988). Applying these principles to the facts of this case, we find that the details of the tip and the extent to which they were corroborated by police justified the investigatory stop at issue in this case.
*42 C.F. argues that the details of the tip in our case were too vague to support a legal detention, citing L.D.P. v. State, 551 So.2d 1257 (Fla. 1st DCA 1989). That court hinged its conclusion, however, on the fact that there was
no description of any of the individuals allegedly selling drugs, no indication of their heights, ages, clothing, etc., and no description of the activities the individuals were allegedly engaged in, and no indication of what types of drugs the individuals would be selling.
551 So.2d at 1257. In contrast, the tipster in our case provided all of these details and more. Moreover, the officers here saw only the three males described by the informant at the named address; they were dressed exactly as described by the informant; they were discovered exactly where the informant said they would be found; and the plastic cup containing the cocaine was discovered exactly where the informant said it would be found.
The mere fact that our officers failed to see an actual drug transaction does not by itself render C.F.'s detention illegal. Nor can C.F. compare his case to Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990). In that case, the state argued that the search which revealed the contraband was performed incident to a lawful arrest. The court reversed, explaining that the officer did not have probable cause to make the arrest in the first place. In contrast, the state in our case argues only that its officers had a founded suspicion to justify a brief detention. It was during this detention that C.F., after being advised of his rights, voluntarily admitted that the cocaine inside the plastic cup was his.
C.F. has not explained, in any event, how any alleged unreliability in the tipster's information yields the conclusion that the cocaine should be suppressed. If the police themselves had seen what the tipster described, surely that would have been enough for a founded suspicion to stop the youths and inquire what they were doing. The fact that they bolted and ran, upon simple inquiry, certainly allowed the officers to retrieve them long enough to see if the substance in the secreted container was contraband. And, even if all of that somehow fails, surely C.F.'s voluntary admission that the cocaine was his, and that there is no other way for him to make three or four hundred dollars a day, is enough to support a finding that he had committed a delinquent act.
C.F. also argues that an order placing a juvenile on community control for an indeterminate period of time and without an expiration date is improper. He argues that the order must specifically state that the term shall not exceed the period prescribed by law for the crime involved or extend past the child's nineteenth birthday, whichever comes first. We disagree.
Section 39.054(1)(a)5, Florida Statutes (1991), provides that:
* * * the term of any order placing a child in a community control program shall be until his 19th birthday unless he is sooner released by the court, on the motion of an interested party or on its own motion.
At the same time, section 39.054(4) provides that:
Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum time of imprisonment which an adult may serve for the same offense.
A commitment to the department is not the same thing as a placement in community control. They are alternative dispositions of a juvenile offender.
We conclude from the language of these two statutes that a placement into community control may last longer than the maximum time of imprisonment for the same offense, so long as the actual duration does not extend past the offender's 19th birthday. Nor is it necessary that a placement into community control state what the statute already provides: namely that it is an indeterminate placement. The fact that it cannot extend beyond the date on which the offender reaches his 19th birthday is not a condition which must be stated in the order, but is merely a limitation *43 on how long the placement may actually endure.
AFFIRMED.
ANSTEAD and WARNER, JJ., concur.