WOLF, Judge.
Appellants assert that the trial court erred in denying their motion to suppress physical evidence. They claim that the police officer who stopped the vehicle they were traveling in did not have a founded suspicion to justify an investigatory stop. We find that the officer had a founded suspicion that appellants had participated in the robbery which had occurred 14 minutes prior to the stop in question. We affirm.
Officer Rabón of the Jackson County Sheriff’s Office was responding to a report of a robbery at a liquor store at approximately 9:00 p.m. While he was headed for the store, he received a dispatch with a description of the suspect robber and information that the robber had fled on foot, heading east. Upon receipt of this information, the officer drove east to the Wal-Mart shopping center, looking for anything suspicious or out of the ordinary, or for anyone “attempting to conceal themselves in bushes, in a car, [or] anything ... suspicious.”
The officer observed a car pulling out onto the highway which he felt was going unusually slow. This vehicle was the only car that the officer had seen on the road since the robbery. He first observed the car about 14 minutes after the robbery about one mile from the robbery scene. As the officer slowed down, the car behind him also slowed down. The officer pulled into a parking lot between buildings on the side of the road and positioned his vehicle to allow the car to pass through his headlights as it traveled down the road. As the other car went past, he saw unusual movement in the back seat. It appeared as if heads were easing down as to conceal their presence. He pulled behind the vehicle, and he again observed the same behavior. While the car Officer Rabón was driving was an unmarked vehicle, he stated that the people in the area knew it was a police car.
When Rabón stopped the vehicle, the driver told the officer that two men had come to his house asking for a ride. As Rabón approached the car, he saw the appellants sitting on their knees on the back seat of the vehicle. Rabón called for backup units and removed the appellants from the car. Upon searching the car, Rabón found two gloves, Halloween mask, and a toy pistol hidden under the seat cover on the back side of the driver’s seat. Under the seat cover behind the passenger seat, Rabón found a cap and a brown paper bag containing $654. After hearing this testimony, the trial court denied appellants’ motions to suppress physical evidence.
Section 901.151, Fla.Stat., Florida’s Stop and Frisk Law, provides, in pertinent part, as follows:
(2) Whenever any law enforcement officer of the state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state ... he may temporarily detain such person for the purpose of ascertaining *1143 the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
[[Image here]]
(4) If at any time after the onset of the temporary detention authorized by subsection (2), probable cause for the arrest of the person shall appear, the person shall be arrested. If after an inquiry into the circumstances which prompted the temporary detention no probable cause for the arrest of the person shall appear, he shall be released.
The Florida Stop and Frisk Law authorizes the temporary stop and detention of an individual based upon a police officer’s founded suspicion of criminal activity. See, e.g., Brown v. State, 592 So.2d 1237 (Fla. 1st DCA 1992); Hill v. State, 561 So.2d 1245 (Fla. 2d DCA 1990). In determining if there are ample grounds to justify a stop, the court must look at the cumulative impact of all the circumstances perceived by the officer. Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989).
Where an officer has founded suspicion (1) of criminal activity, and (2) that the person being stopped is the party engaged in such activity, an investigatory stop is justified. Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990). Suspicious activity without founded suspicion of ongoing criminal activity has been held to be insufficient to justify an investigatory stop. Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989); Q.E.G. v. State, 569 So.2d 1313 (Fla. 1st DCA 1990); Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992). A report of criminal activity is not sufficient to justify an investigatory stop absent some circumstances which would provide the officer with a reasonable suspicion that the person being stopped has participated or will participate in this criminal activity. James v. State, 556 So.2d 791 (Fla. 1st DCA 1990).
In the instant case, we have verified criminal activity along with suspicious activity taking place in close geographical and temporal proximity to the reported crime. Under the totality of the circumstances, we find that the trial judge did not err in finding that the officer had reasonable suspicion to conduct the investigatory stop.
Affirmed.
ALLEN and KAHN, JJ., concur.