637 So.2d 343 (1994)
William H. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04014.
District Court of Appeal of Florida, Second District.
May 27, 1994.
*344 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
William H. Smith appeals the judgments and sentences in a number of cases, but specifically challenges only two trial court orders denying his motions to suppress in two cases. We reverse the trial court order in Case No. 91-4634. We find no error in the order of the trial court in Case No. 91-4472 and affirm the judgment and sentence in that case and in the remaining cases without further comment.
On September 24, 1991, at approximately 9:00 p.m., a deputy sheriff on patrol observed Smith's car parked next to the woods at the edge of the grounds of the Wise Company building. The business was closed at the time. At first, the deputy did not see anyone in the car. The deputy testified that he had been advised that burglaries of businesses were occurring with unusual frequency on a particular street and, therefore, decided to investigate. The officer turned his vehicle around to approach the car but, by that time, Smith had begun to drive away from the parking lot exit. The deputy then stopped Smith and told him to go back into the drive because he wanted to see some identification. Smith hastily exited his car, leaving the door open, and approached the deputy's vehicle before the deputy was able to get out of his vehicle. The deputy existed his car and met Smith at a point between the two vehicles. Smith handed the deputy his wallet and told the deputy that he was there spying on his girlfriend at the motel across the street. Because Smith acted so hastily in getting out of his automobile, the deputy thought Smith was trying to keep the deputy away from Smith's car. The deputy, therefore, walked over to Smith's car, looked in, and saw a gun in plain view on the rear floorboard behind the driver's seat.
Smith was charged with possession of a firearm by convicted felon. After his motion to suppress the firearm was denied, Smith entered a plea of nolo contendere to the charge, reserving the right to appeal.
In order to justify an investigatory stop, a police officer must have a founded suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1991); Randall v. State, 600 So.2d 553 (Fla. 2d DCA 1992). "A founded suspicion is one which has some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge." Smith v. State, 592 So.2d 1206, 1207 (Fla. 2d DCA 1992). The deputy testified that although he thought Smith might have been a trespasser, that was not the reason he decided to investigate the situation. The officer stopped Smith because of the burglaries in the area. A report of criminal activity in the area will not justify a stop absent circumstances which create a reasonable suspicion that the person being stopped has participated or will participate in the criminal activity. Estep v. State, 597 So.2d 870 (Fla. 2d DCA *345 1992); McKinnon v. State, 617 So.2d 1141 (Fla. 1st DCA 1993).
We conclude that the deputy did not have a well-founded suspicion to support the investigatory stop. The circumstances involving the stop in this case are virtually identical to those in McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986), wherein this court concluded that the stop was not based upon a well-founded suspicion. We are compelled to reach the same result in this case.
We reverse the order on the motion to suppress in Case No. 91-04634 and remand that case to the trial court. We affirm the judgments and sentences in the remaining cases.
FRANK, C.J., and LAZZARA, J., concur.