816 So.2d 149 (2002)
Simon Dwayne SINCLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-5100.
District Court of Appeal of Florida, First District.
April 16, 2002.
Rehearing Denied May 16, 2002.
*150 Nancy A. Daniels, Public Defender; G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In response to a complaint about a prowler, sheriff's deputies searched without finding anybody until they came upon the appellant an hour and a half later walking west along a road he could have reached from the neighborhood they had searched earlier. It was two o'clock in the morning and he was carrying clothes under his arm. On seeing the sheriff's deputy's car, he turned and began walking east. When the deputy got out of the car and indicated he wanted to speak to him, the appellant turned around again and started west. At this point, the trial judge concluded, there was reasonable suspicion justifying stopping him to ask for identification. We agree and affirm. See United States v. Arvizu, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); State v. Maynard, 783 So.2d 226 (Fla.2001); State v. Mack, 66 S.W.3d 706 (Mo.2002).
Affirmed.
BENTON and POLSTON, JJ., concur; ERVIN, J., dissents with opinion.
ERVIN, J., dissenting.
I respectfully dissent. In denying the motion to suppress, the lower court found (1) that the initial stop of appellant, Simon Sinclair, was a valid Terry[1] stop, and (2) that the evidence was properly seized incident to an arrest for obstructing a law enforcement officer, pursuant to section 843.02, Florida Statutes (1999).[2] In my judgment, the first finding was erroneous as a matter of law and requires reversal, and because the initial stop was illegal under Terry, the false identification which appellant thereafter gave to the detaining officer could not form the basis for an obstruction charge. See Fournier v. State, 731 So.2d 75 (Fla. 2d DCA 1999); Steele v. State, 537 So.2d 711 (Fla. 5th DCA 1989).
The court recited the following facts justifying its conclusion that the officer's impediment to defendant's freedom of movement was a valid Terry stop:
 Before the stop, the officer had received a report of a prowler in the vicinity of Glendale Circle in Marianna, Florida, and there had been other similar reports that week in the same location.
 Sinclair was seen by the officer walking west along Highway 90 (a mile and a half away from the reported criminal activity), approximately 90 minutes later, where people do not usually walk at 2:00 a.m.
 There were businesses in the area that could be burglarized.
 The spot was on a route a person could walk from the place where the prowler was reported.

*151  Sinclair changed his direction of travel when Deputy Anderson approached him.
In addition to the above facts recited by the court, the record also shows:
 Sinclair was seen carrying balled-up clothing under his arm.
 When Deputy Anderson told him about the prowling report, Sinclair began to walk away even faster.
 After Deputy Anderson had stopped Sinclair and directed him to furnish proper identification, Sinclair provided the officer with a false name.
 When it was ascertained that Sinclair had given false identification, he was arrested for obstructing a law enforcement officer, and thereafter evidence incriminating him in the commission of the robbery was found in his possession.
The fact that the officer had received a report of an earlier prowling incident did not give rise to founded suspicion justifying the later stop and detention of Sinclair. "A report of criminal activity in the area will not justify a stop absent circumstances which create a reasonable suspicion that the person being stopped has participated or will participate in the criminal activity." Smith v. State, 637 So.2d 343, 344 (Fla. 2d DCA 1994) (denial of a motion to suppress was reversed on facts showing that before the detaining officer stopped the defendant, he had received information that there had been an unusual number of burglaries on a particular street, and the officer thereafter saw the defendant's car in the evening parked on the grounds of a business that was closed). To the same effect, see Moore v. State, 584 So.2d 1122 (Fla. 4th DCA 1991); Mack v. State, 557 So.2d 905 (Fla. 2d DCA 1990); and Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989). Moreover, the fact that defendant, after being approached by the officer, walked away from him at a pace faster than he had been initially seen walking does not justify his detention. Avoidance of a police officer does not give rise to a founded suspicion to justify detention. See McClain v. State, 408 So.2d 721, 722 (Fla. 1st DCA 1982) (defendant's conduct, "taken for its most insidious implications, indicated only that he wanted to avoid police," and did not provide reasonable suspicion of criminal activity).
The majority cites Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), yet that case was decided based upon facts that are absent in the instant case. The Court held that unprovoked flight inside an area of known criminal activity provided police with reasonable suspicion to stop the defendant. The case involved a part of the city of Chicago known for heavy drug trafficking, and the defendant's headlong flight after the officers had arrived in the area. In our case, Sinclair was not observed in an area known for criminal activity, but was stopped on a road which the officers were routinely patrolling one or two hours after their receipt of suspicious activities, and after they had been called away to investigate another, unrelated dispatch. Sinclair did not run, but simply changed direction and walked faster when the officer approached him. The Court moreover observed in Wardlow that if an officer approaches an individual without reasonable suspicion, such person has a right to ignore the police and may refuse to cooperate. Id. at 125, 120 S.Ct. 673. While Wardlow's act of running from the police clearly exceeded the bounds of refusal to cooperate, Sinclair's resolute stride did not.
The majority also cites United States v. Arvizu, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), a case involving a host of circumstances that provided the border *152 patrol agent with reasonable suspicion to stop the defendant's minivan.[3] Similarly, neither State v. Maynard, 783 So.2d 226 (Fla.2001), nor State v. Mack, 66 S.W.3d 706 (Mo.2002) (en banc), contain facts or law that aid in the resolution of the instant case. For the reasons given above, I do not believe the totality of the circumstances at bar gave the officers a reasonable suspicion to believe that Sinclair had engaged in criminal activity.
I would reverse the conviction and remand the case for new trial with directions that if the case is retried, the articles seized from defendant be disallowed from admission into evidence against him.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[2] Section 843.02 provides: "Whoever shall resist, obstruct, or oppose any officer ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree[.]"
[3] The defendant was driving on a remote rural route along Arizona's border with Mexico that was used by smugglers of narcotics and illegal aliens; the route avoided the border checkpoint; the agent's knowledge supported his inference that the defendant intended to travel at a time when the agents were leaving their backroad patrols to change shifts; the children in the van waved at the officer in an odd, mechanical way for an extended period; the children's knees were elevated, as if above concealed cargo; and the van turned away from known recreational areas, leading the agent to conclude the passengers were not on a family outing. Arvizu, 122 S.Ct. at 752-53.