FERGUSON, Judge.
At approximately 2:00 a.m. on August 28, 1990, South Miami Police Officer Eric Fulton was dispatched to the vicinity of Southwest 67th Avenue and 75th Terrace, on two reports of a screaming woman. No further information was provided by the dispatcher as to the identity of the woman, the cause of her screams, or the involvement of others. Upon arrival near the intersection, the officer saw no activity or persons other than a moving automobile occupied by four men — the driver and three rear-seat passengers. The officer stopped the vehicle to conduct an investigation. At the same time, a back-up unit arrived also responding to the emergency dispatches. Before the investigation commenced, a hysterical woman scurried over to the police unit. The officer in the back-up unit then looked into the automobile, saw a firearm, and ordered the occupants — including the defendant — to exit and spread-eagle on the ground as a security measure. A flashlight examination of the vehicle revealed articles of women’s jewelry. It was learned afterwards from the woman on the scene that she was the owner of the jewelry, that it had been taken from her in an armed robbery, and that the defendant was one of the perpetrators.
In this appeal from a conviction for armed robbery, unlawful possession of a short-barreled shotgun, and carrying a concealed firearm, the defendant contends that the firearm and jewelry should have been suppressed as the fruits of an illegal seizure and search. More particularly, he contends that there was no articulable suspicion of his involvement in illegal activity justifying the stop of the automobile. We affirm.
It is well settled in Florida that a police officer may stop and investigate a motor vehicle when there is a founded suspicion of criminal activity in the mind of that officer. Kehoe v. State, 521 So.2d 1094 (Fla.1988); see also Codie v. State, 406 So.2d 117 (Fla. 2d DCA 1981); § 901.151, Fla.Stat. (1989). In determining whether there were ample grounds to give the police officer a founded suspicion of criminal activity, each case must be examined in light of its own unique set of facts as well as the cumulative impact of the circumstances perceived by the officer. Kehoe, 521 So.2d at 1096.
In this case, the officers were responding to two dispatches indicating that a woman was in distress. Those dispatches, which gave no other information as to what was transpiring, were relayed on an emergency mode, thus serving to raise the officers’ awareness that “something” was happening and that the officers should be ready for “anything”. Other facts such as the early morning hour, the absence of other persons or automobiles in the area, and the unusual seating arrangement of the passengers in the car, were sufficient indicia of something afoot possibly involving the auto passengers, and deserving of an inquiry. The nonintrusive detention of the car for investigatory purposes, under the circumstances, was reasonable. See Diaz v. State, 548 So.2d 843 (Fla. 3d DCA 1989) (matters observed by police officers were enough to establish a founded suspicion to support a stop of defendant’s vehicle). The arrival of the distraught victim on the scene further strengthed the officer’s suspicion, and justified a thorough investigation. Kehoe, 521 So.2d 1094. At that point, the officers had not yet spoken to the suspects.
We find no error in the trial court’s denial of the defendant’s motion to suppress based on a finding that, under the circumstances, the officer acted reasonably on an articulable suspicion of criminal activity. The prompt and cautiously restrained police action in this case is more deserving of commendation than condemnation.
Affirmed.