PER CURIAM.
Appellant Michael Bush appeals from a conviction and sentence for trafficking in cocaine. Bush argues that his motion to suppress evidence should have been granted because the stop of the vehicle in which he was a passenger was not based on a reasonable suspicion that he was committing, or was about to commit a crime. We agree and reverse.
The encounter in the present case began with a Metropolitan Dade County Police officer who was conducting routine surveil *794 lance in the Dadeland Mall parking lot. Dadeland Mall is a large shopping center and the surveillance occurred at about 7 p.m., during the shopping center’s business hours. The officer observed a black Mercedes parked in the parking lot. The occupants were sitting in the car and watching other cars drive by. A white Chrysler entered the parking lot and drove slowly up and down the aisle where the Mercedes was parked. The Chrysler parked next to the Mercedes. Bush got out of the Chrysler, entered the back seat of the Mercedes, had a brief conversation with the occupants, and left the Mercedes carrying a tote bag. He then returned to the Chrysler and both cars left.
The police officer concluded that he had observed a drug transaction. The officer, by this time joined by a second Metro-Dade officer, followed the cars out of Dadeland. The cars turned in different directions when they reached Kendall Drive. The officers followed the Chrysler as it turned onto the Palmetto Expressway, at which point the officers stopped the car. The officer testified that the driver moved the tote bag as she retrieved her registration and caused the bag to open. The officers saw cocaine in the bag. A search subsequent to Bush’s arrest turned up nine kilos of cocaine in the trunk of the car.
“It is well settled that police may stop and investigate a motor vehicle when there is a ‘founded’ suspicion of criminal activity in the mind of the police officer.” Kehoe v. State, 521 So.2d 1094, 1095 (Fla.1988). “In determining whether there were ample grounds to give the police officer a founded suspicion of criminal activity, each case must be examined in light of its own unique set of facts as well as the cumulative impact of the circumstances perceived by the officer.” Willis v. State, 584 So.2d 41, 42 (Fla. 3d DCA 1991) (citing Kehoe 521 So.2d at 1096). The test is whether, under the totality of the circumstances, the officer can articulate in particular and objective terms his reasonable suspicion of criminal activity in light of his knowledge and experience. Daniels v. State, 543 So.2d 363, 365 (Fla. 1st DCA 1989) (citing Tamer v. State, 484 So.2d 583 (Fla.1986)).
In this case, the officer’s testimony at the hearing on the motion to suppress made it clear that, even under a totality of the circumstances analysis, he had no more than a bare suspicion that what he observed was a drug transaction. While the officer described his observations, he did not explain what it was about those observations that gave rise to a suspicion of criminal activity in his mind. The officer could not hear any conversation between defendant and the occupants of the Mercedes, nor did he observe them exchange any objects, or handle any items identifiable as contraband or packaged in a way typical for contraband. When defendant left the Mercedes and reentered the Chrysler, the officer could only see that defendant was carrying an ordinary tote bag, but could not see the contents. There was no factual or expert testimony that would provide a sufficient factual basis on which to conclude that there was a founded suspicion of criminal activity.
Although the officer’s hunch turned out to be accurate, a bare suspicion is not sufficient to justify an investigatory stop. Daniels v. State, 543 So.2d at 365. We have carefully reviewed the record and we conclude that the State did not meet its evidentiary burden. There was insufficient evidence to show that the officer had a founded suspicion to stop the car. Therefore, the stop was impermissible under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and the motion to suppress the cocaine found in the car should have been granted.
This case is reversed and remanded with directions to discharge the defendant.
HUBBART and COPE, JJ., concur.
BARKDULL, J., dissents.