625 So.2d 1303 (1993)
Roger PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2239.
District Court of Appeal of Florida, First District.
November 2, 1993.
*1304 Nancy A. Daniels, Public Defender; Jamie Spivey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Roger Palmer pled nolo contendere to one count of possession of cocaine and one count of possession of drug paraphernalia, specifically reserving his right to appeal the trial court's order denying his motion to suppress evidence (one piece of wire rod and a razor blade with cocaine residue). We reverse the denial of the motion to suppress.
On February 22, 1992, Officer Lancaster of the Escambia County Sheriff's Office was conducting a drug sweep of an area near the Palm Club. Officer Lancaster was standing next to his car when he noticed appellant walking toward him. Appellant was wearing a jogging suit jacket and had his hands in his pockets. As appellant walked toward the officer, the officer told him to take his hands out of his pockets, but appellant kept walking toward him. The officer told appellant several more times to take his hands out of his pockets. Appellant did not respond to the officer, but turned and walked in the opposite direction. When appellant turned, he saw Officer Enderson, who had been called by Officer Lancaster, coming toward him. Appellant then turned back toward Lancaster, and walked toward him again. Appellant took something out of his pocket and threw it over Lancaster's head. At that point, the officer told appellant to put his hands on the car, and Officer Enderson conducted a pat down of appellant, and piece of wire rod was found. The appellant was placed in the patrol car at this time. The wire was negative for drug traces, but the appellant was held in the car for approximately 20 minutes while the officers searched the side of the road for the thrown object. The testimony of the officers was that the side of the road was strewn with discarded objects, including drug paraphernalia. No object was found that could be tied to the appellant.
The officers then removed appellant from the patrol car and discovered a razor blade on the floor which tested positive for cocaine. Appellant was then arrested. Officer Lancaster also testified that even if the appellant had not thrown anything and had kept walking by him, Lancaster would still have stopped appellant to make him take his hands out of his pockets. Lancaster had met *1305 appellant previously and told him he needed help for his drug problem.
The trial court found that there was a reasonable suspicion at the time the object was hurled in the direction of the law enforcement officer, and that the stop, detention, and pat down search was lawful. The trial court also found that it was not unreasonable to place the appellant in the patrol car while the wire was tested, nor to keep the defendant there while the officers attempted to find the thrown object. Because we find that the evidence does not support the trial court's finding that appellant was legally detained, we reverse the denial of the motion to suppress, as the abandonment of the razor blade was the product of an illegal stop and was thus involuntary.
This court has held that a seizure occurs when one's freedom of movement has been restrained either by physical force or showing of authority so that under the circumstances, a reasonable person would not feel free to leave. Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992), rev. denied, 623 So.2d 495 (Fla. 1993). In Johnson v. State, an officer was on patrol in a high-drug activity area when he saw the defendant talking to another individual at a place where the officer had made numerous drug arrests. When the officer approached, the other individual left, and the officer saw what appeared to be cash in the defendant's hand and an object in the other. The appellant quickly stuck a small round object in his pocket as the officer approached. The officer decided that a drug transaction had taken place, and he approached the defendant, told him to remove his hands from his pockets, and to turn around. At that time, when the defendant turned, the officer saw a long object in defendant's pocket, and the officer removed a knife. The defendant was arrested for carrying a concealed weapon and for crack cocaine in the right front pocket. This court found that the defendant was seized under the fourth amendment when the officer ordered the defendant to take his hands out of his pocket and to turn around as this was a directive that the appellant was not free to disregard. Id. at 583.
In a case with similar facts to the instant case, the Florida Supreme Court recently approved a second district decision reversing a denial of a motion to suppress. See Curry v. State, 576 So.2d 890 (Fla. 2d DCA 1991), approved, State v. Curry, 621 So.2d 410 (Fla. 1993). See also Hollinger v. State, 620 So.2d 1242 (Fla. 1993).[1] In Curry, the appellant was standing with a group of other black males in a parking lot when officers approached the group. The defendant began to walk away, and the officers repeatedly told him to stop, but the defendant attempted to turn and walk in another direction. The defendant's path was cut off by another officer, and the defendant then spit a substance out of his mouth which proved to be cocaine. The court found that the stop was a detention which was unlawful because there was no founded suspicion of criminal activity. The abandonment was the result of the illegal detention, and the appellant's motion to suppress should have been granted, according to the appellate court.
In order for a seizure to be justified, the officer must have, based on a totality of the circumstances, a founded suspicion of criminal activity. See Johnson v. State, 610 So.2d at 583. In Johnson, supra, the officer testified that he had encountered the appellant before and knew that the appellant had a prior drug problem, but that information did not raise a mere hunch of wrongdoing to the level of founded suspicion. Id.
In Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989), an officer approached the defendant because, according to the officer, the defendant looked suspicious. The officer twice told the defendant to take his hands out of his pockets. The defendant eventually removed one hand, and as the officer grabbed the defendant, crack fell to the ground. This court held that in order to justify a temporary stop, the officer must have a founded suspicion that the individual *1306 committed, is committing, or is about to commit a crime. The officer, based on the totality of the circumstances, must be able to articulate in particular and objective terms his reasonable suspicion of criminal activity. Id. at 365. Flight from an officer in a high-crime area, even coupled with suspicious movements, is not enough to support a finding of founded suspicion. Id. The officer in Daniels could not articulate any basis for suspecting criminal activity.
In the instant case, there is no competent substantial evidence to support the trial court's finding that the initial stop of the appellant was not a seizure. When taking the evidence in the light most favorable to the state, the facts still demonstrate that the appellant was seized prior to the time he threw the object. The seizure occurred when the officer told the appellant to take his hands out of his pockets, and the two officers blocked the appellant's path as he attempted to walk away. See Curry v. State, supra; Hollinger v. State, supra; Johnson v. State, supra. The appellant came under the officer's assertion of control when he took his hands out of his pockets at the officer's command. In addition, the initial stop cannot be justified based upon reasonable suspicion. The information known by the officer was similar to the knowledge possessed by the police officers in Johnson, Bartee, and Daniels, supra. The officer in this case could not articulate an objective basis for suspecting criminal activity, and his own testimony was that he would have stopped the appellant for walking toward him even before he threw anything. Because this was an illegal seizure, all items found pursuant to that detention must be suppressed. The trial judge in this case noted that if he was wrong about the appellant not being illegally detained, then he would agree that the illegal detention tainted the abandonment. Because the evidence does not support the judge's finding, we reverse the denial of the motion to suppress.
BARFIELD and MICKLE, JJ., concur.
NOTES
[1] The Johnson and Curry decisions may be distinguishable from State v. Bartee, 623 So.2d 458 (1993), and California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), in that in those cases, the suspect abandoned the evidence prior to the submission to authority. Hollinger v. State, 620 So.2d 1242 (Fla. 1993).