COBB, Judge.
The issue here concerns the legality of a seizure and search following a “police-citizen encounter.” The facts are essentially undisputed. A Melbourne police officer received a radio call from an informant with regard to “a suspicious incident, possible drug dealing in progress.” The informant reported that “three black males (were) standing in the area,” which the officer described as a drug area. Upon his arrival at the specified location the officer found three black males standing by the curb with a boombox. They were “[sjtanding, talking, listening to music.”
The officer approached the three and asked if they were selling drugs. One of the three was J.H.P., a juvenile. According to the testimony of the officer, J.H.P. turned his back and started to walk away. The officer followed him, saw him put a hand in his pocket, and grabbed him. The result was that marijuana was found on J.H.P.’s person and he was convicted in a juvenile proceeding of possession • and two counts of resisting without violence.
The state contends that the seizure of J.H.P. was justified by the officer’s safety concerns when the juvenile reached into his pocket. The appellant’s argument is that the uncontroverted evidence shows that his seizure occurred after he had turned from the officer and was walking away, as he had the right to do. The appellant argues:
*1197 The officer did not say he had seen a suspicious bulge in the juvenile’s pocket. On the instant facts — a boy walking away from an officer, his back to the officer, presumably glad to remove himself from the officer’s presence, the quicker the better — it was not reasonable to conclude that the boy was reaching for a weapon with which to do this officer harm. Indeed, nothing suspicious happened at all, until after the officer ran after J.H.P. and improperly grabbed his pocket. Hamilton v. State, 612 So.2d 716 (Fla. 2d DCA 1993); Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992).
We agree with the appellant that, under these facts, the seizure was unreasonable as a matter of law. Accordingly, the adjudication of J.H.P. as a delinquent for possession of marijuana and resisting arrest is reversed, and this cause is remanded for his discharge.
REVERSED AND REMANDED.
GRIFFIN and DIAMANTIS, JJ., concur.