677 So.2d 317 (1996)
Nebraska PRITCHETT and Linnon Harris, Appellants,
v.
STATE of Florida, Appellee.
Nos. 95-649, 95-652.
District Court of Appeal of Florida, First District.
April 12, 1996.
*318 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this consolidated appeal, Nebraska Pritchett appeals convictions for possessing cocaine with intent to sell and carrying a concealed weapon; and Linnon Harris appeals convictions for possession of cocaine with intent to sell and possession of less than twenty grams of cannabis. On appeal, they argue that the trial court erred in denying their motion to suppress evidence obtained in an investigatory stop. We agree and reverse.
On June 18, 1994, at approximately 11:30 p.m. Officer Larry Ashley, a K-9 officer in the street crimes unit of the Okaloosa County Sheriff's Department, was dispatched to an address in Fort Walton Beach as a result of a complaint that there were six black males at an apartment complex selling drugs. When Officer Ashley arrived at the scene, he did not see anyone at the apartment complex selling drugs. He only saw two black males, *319 the appellants, fifty to one hundred yards away, walking toward the apartment complex.
Officer Ashley approached the appellants and asked to speak to them. The appellants responded by walking away from the officer in different directions, clearly declining a consensual encounter. Officer Ashley observed Mr. Pritchett shoving money into his pocket and making a movement with his other hand, as he walked away. Officer Ashley then ordered the appellants to stop. Mr. Pritchett stopped walking but Mr. Harris continued to walk away. Mr. Harris did not stop until Officer Ashley threatened to let the police dog bite him.
In response to a question by Officer Ashley, Mr. Pritchett revealed that he had a knife in his back pocket. After retrieving the knife from Mr. Pritchett's back pocket, Officer Ashley continued to search him and found money and cocaine. Officer Rodriguez, who had been on the scene even before Officer Ashley arrived, searched Mr. Harris, finding baggies of marijuana in his front pocket, and, during processing at the police station, fifteen rocks of crack cocaine in his crotch area. Mr. Pritchett was charged with possessing cocaine with intent to sell and carrying a concealed weapon. Mr. Harris was charged with possession of cocaine with intent to sell and possession of less than twenty grams of cannabis.
Defense counsel moved to suppress the cocaine, cannabis, knife and any statements as the products of an unlawful detention. After holding an evidentiary hearing, the trial court denied the motion to suppress, holding that based on the totality of the circumstances the police officers had probable cause to search the defendants and that the stop and the search were therefore lawful. In support of its decision, the trial court stated:
The Court finds that the circumstances considered by the Court are as follows: That first, there was an information received from an informant that there was drug activity in the area, that drugs were being sold, that six black males were involved in the sale of those drugs, the time of night, approximately 11:30 P.M., the high crime area as testified to by the police officer, that he had prior knowledge that drug activity did take place regularly in this area. Upon his arrival and his talking to the defendants asking them tobasically that he wanted to talk to them and their evading tactics in separating. They had obviously been walking together at that point. They separated, walked in different directions in what he described as an obvious attempt to evade, his attempt to question them, his citing [sic] of a large bundle of cash in Pritchett's possession. Also once he got them stopped, the indication by one of the defendants that one of them had a knife, defendant Pritchett. Was that Pritchett that said he had a knife? And once that disclosure was made he obviously had the right to frisk.
"During a consensual encounter a citizen may either voluntarily comply with a police officer's requests or choose to ignore them." Popple v. State, 626 So.2d 185, 186 (Fla.1993). The present case does not involve a consensual encounter.
Mr. Pritchett stopped only after he was ordered to and Mr. Harris stopped only after Officer Ashley threatened to have his dog bite Mr. Harris if Mr. Harris did not stop. It is clear that "the surrounding circumstances demonstrate a reasonable person would not have felt free to leave." Johnson v. State, 610 So.2d 581, 583 (Fla. 1st DCA 1992), review denied, 623 So.2d 495 (Fla. 1993). In order to justify a stop and frisk, "a law enforcement officer must have a founded suspicion of criminal activity. Section 901.151, Florida Statutes (1989); Terry. A founded suspicion requires a `factual basis in the circumstances observed by the officer.' Gipson v. State, 537 So.2d 1080, 1081 (Fla. 1st DCA 1989)." Id.
The facts enumerated by the trial court in its "totality of the circumstances" analysis do not justify the investigatory stop. A tip that six black males are selling drugs late at night at one spoteven in a "high crime area"does not describe two black males at a different location. Our supreme court recently addressed the "totality of the circumstances" analysis in State v. Butler, *320 655 So.2d 1123 (Fla.1995). In Butler, the informant's tip "provid[ed] an abundance of overall detail," including the defendant's height, race, type of clothing, location, type of drugs sold, location of drugs on the person, and method of delivery. Id. at 1130-31. Aside from race and gender, the informant's tip here was devoid of any description other than number and location.
Neither of these details was corroborated. The informant stated that there were six black males at an apartment complex selling drugs. When Ashley arrived, he saw two black males, walking toward the apartments, some fifty to one hundred yards away. In Butler, our supreme court "caution[ed] that in many instances a tip from an informant, standing alone, will not justify a finding of probable cause for an arrest or search." Id. at 1131. A tip at material variance with what the officers observe affords no justification for a search.
"Even assuming the individuals' attempts to `walk off in different directions' could be said to constitute flight, the case law is clear that flight alone, even in a high crime area, does not give rise to a founded suspicion sufficient to justify a detention." L.D.P. v. State, 551 So.2d 1257, 1258 (Fla. 1st DCA 1989). We have also ruled that "simply having cash in his hand did not create a founded suspicion of criminal activity sufficient to warrant detention, as the officer observed no exchange of drugs, money, or anything else." Johnson, 610 So.2d at 584. The appellants' decision to decline a consensual encounter and the fact that Mr. Pritchett had money in his handeach factor being insufficient standing alone to warrant a stopdo not, even when viewed together, add up to a "well-founded, articulable suspicion of criminal activity." Popple, 626 So.2d at 186. Since the officers' observations failed to confirm the only specific information in the informant's tip, the tip adds nothing justifying a "founded suspicion."
Mr. Pritchett's statement that he had a pocket knife could not justify his investigatory detention, because he did not make the statement until after the unlawful stop occurred. "[T]he officer would have had no reason to fear for his own safety had he not impermissibly stopped Appellant in the first place." Johnson, 610 So.2d at 584. Like the uncorroborated tip, this remark affords no basis, alone or in combination, for a "well-founded articulable suspicion."
The state agreed that the trial court's ruling on the motion to suppress was dispositive in this case. § 924.06, Fla.Stat. (1993). Accordingly, we reverse the convictions and remand with instructions that Mr. Pritchett and Mr. Harris be discharged. See Sanders v. State, 666 So.2d 1035 (Fla. 1st DCA 1996).
JOANOS, WOLF and BENTON, JJ., concur.