673 So.2d 934 (1996)
Anita Evette BRITT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2273.
District Court of Appeal of Florida, First District.
May 20, 1996.
*935 Nancy Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Douglas Gurnic, Assistant State Attorney, Tallahassee, for Appellee.
PER CURIAM.
This case is before us for review of a trial court order denying appellant's motion to suppress. Appellant entered a plea of nolo contendere to the charge of possession of marijuana with the intent to sell, reserving her right to appeal denial of her motion to suppress evidence seized by a police officer after a warrantless entry into her home while pursuing another individual who did not reside in appellant's home. We find the denial of the motion to suppress was error, and reverse.
The facts are not in dispute. Members of the Pensacola Police Department converged on an apartment complex in the city to serve outstanding arrest warrants on eight to ten young, black men. Among those participating in this action was Police Officer Sievers, who travelled to the location in a van with other officers. The officers were advised that the warrants were for the arrest of eight to ten young, black males who were known to deal in cocaine from the front of a particular apartment building. All the officers were instructed that, upon arrival in front of the apartment building, they were to determine the identity of any suspect in the area and to stop anyone who tried to "flee."
Sievers was the first officer to exit the van and immediately saw a group of young, black males and females in front of the apartment building. Sievers' attention was drawn to Darrell Roy Lewis, when Lewis stood up among the group and looked straight at him, and because, as Sievers later testified, "[h]e looked like he was going to do something." Sievers identified himself as a police officer and told everyone to stay where they were. Lewis did not comply, but instead, according to Sievers, ran into the apartment building. Sievers pursued Lewis, entered appellant's apartment, and discovered Lewis in a hallway inside the apartment. As he was arresting Lewis, Sievers observed appellant pick up some marijuana and money from atop a freezer located in the hallway and attempt to conceal those items beneath her dress. Sievers instructed appellant to put the marijuana and money down, and she complied. After being advised of her rights, appellant stated that Lewis did not live in the apartment, but that he had earlier left some drugs there.
At the suppression hearing, Sievers testified that he did not know Lewis, and that he had not been involved in making or supervising any of the undercover drug purchases for which the arrest warrants had been issued. Further, he testified that he did not know whether any of the drug purchases had been made in appellant's apartment. To his knowledge, appellant's apartment had not been identified as being the location of drug sales or storage.
After argument by counsel, the trial court entered an order finding that appellant did not have standing to object to the stop or detention of the co-defendant Lewis, and further, based upon the totality of the circumstances, the officer had a right to pursue Lewis.
We agree, initially, with appellant's contention that the issue of appellant's standing to challenge the stop or detention of the co-defendant Lewis is not an issue in this case. The issue is whether the Appellant is entitled to challenge a search or seizure on the basis of the Fourth Amendment to the United States Constitution, as interpreted by *936 the highest courts of the state and nation. See State v. Suco, 521 So.2d 1100 (Fla.1988); Dean v. State, 478 So.2d 38 (Fla.1985); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). We conclude that this issue must be resolved against the state.
No authority has been presented to support the state's contention that an officer's mere suspicion that a suspect is, or is about to be, involved in criminal activity authorizes the officer to pursue that suspect into the home of a third party. The state argues that Sievers had a reasonable suspicion that Lewis was "either one of the people who he had existing warrants on ... or that he had drugs on him trying to `get' rid of them, one or the other." The state relies also upon testimony by Sievers that, based upon his knowledge and experience, "probably 99 percent of the time if they run in the manner [Lewis] did, they've either got a warrant on them, they've got drugs on them, or they are just involved in some other illegal activity that they are afraid of getting caught for."
The state contends that because Officer Sievers was justified in "attempting to make an investigatory stop of Lewis," based on a reasonable belief that there was an arrest warrant for Lewis for felony drug trafficking or cocaine, or that Lewis was attempting to hide or destroy evidence, Sievers was justified in pursing Lewis into appellant's apartment. We note that the state does not argue that Officer Sievers had probable cause to arrest the suspect Lewis, but rather that Sievers had "a reasonable suspicion to stop Lewis," and therefore was justified, according to the state, in believing that Lewis was one of the 10 young black drug dealers whom the police were attempting to arrest, or that he was attempting to destroy evidence. The state's position is that reasonable suspicion, together with the existence of exigent circumstances, justifies the warrantless entry into the home of a third party for the apprehension of the suspected offender. We disagree.
Since Officer Sievers had no knowledge or suspicion whatever that appellant was involved in any criminal activity, his seizure of contraband from her apartment can be justified, if at all, only upon the "plain view" doctrine. Evidence in plain view in a constitutionally protected area is not subject to seizure and may not be used in a prosecution for an offense unless the arresting officer is lawfully within the premises when the evidence comes into his view. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (evidence in plain view in suspect's home is not subject to seizure where police entered without a warrant to arrest, and without exigent circumstances); Steagald v. United States, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) (arrest warrant does not authorize entry into home of a third party to look for a suspect absent exigent circumstances).
In the case before us there was no warrant for the arrest of Lewis, and no probable cause to believe that Lewis had committed, or was about to commit a felony. Although not necessary to our decision, we note also that the facts here fall short of those required to provide reasonable suspicion for the pursuit and stop of Lewis. Flight from an officer in a high crime area, even coupled with suspicious movements, is not enough to support a finding of founded suspicion. Palmer v. State, 625 So.2d 1303, 1306 (Fla. 1st DCA 1993), citing Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989). Accord, Brown v. State, 636 So.2d 174 (Fla. 2d DCA 1994); Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989); Martin v. State, 521 So.2d 260 (Fla. 2d DCA 1988).
Because the court below erred in denying appellant's motion to suppress, the judgment of conviction and sentence imposed must be and are hereby,
REVERSED.
MINER and MICKLE, JJ., and SMITH, Senior Judge, concur.