767 So.2d 509 (2000)
STATE of Florida, Appellant,
v.
O.S., a child, Appellee.
No. 4D99-4153.
District Court of Appeal of Florida, Fourth District.
June 28, 2000.
Rehearing Denied September 28, 2000.
*510 Robert A. Butterworth, Attorney General, Tallahassee, and Gary K. Milligan, Assistant Attorney General, Fort Lauderdale, for appellant.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, C.J.
The trial court granted a motion to suppress, finding that there was no reasonable suspicion to stop the appellant. We reverse based on State v. Roux, 702 So.2d 240, 241 (Fla. 5th DCA 1997), which holds that even where an agent illegally detains a defendant, a battery committed on the officer constitutes probable cause for arrest, and drugs seized in a search incident to the arrest should not have been suppressed.
In the instant case, the officers had reasonable suspicion to pursue the suspect who was trying to peer into their passing vehicle in an area known for drug transactions, as though he was preparing to make a drug transaction. He then fled from their approach. See Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (defendant's unprovoked flight from officers in area of heavy narcotics trafficking support reasonable suspicion that defendant was involved in criminal activity and justified stop). The evidence is uncontradicted that appellant fled right into one of the officers who was wearing a police vest. The officer testified that in attempting to get away appellant punched him four or five times.
In granting the motion to suppress, the trial judge was of the impression that the officers trapped the fleeing defendant without the right to stop him. Until Wardlow, the trial judge would have been correct, because Florida courts have held that flight from an officer under such circumstances does not give rise to reasonable suspicion to stop a suspect. See, e.g., Pritchett v. State, 677 So.2d 317, 320 (Fla. 1st DCA 1996). Wardlow has effectively overruled that precedent and as this issue is one of Fourth Amendment law, we are bound by the determinations of the United States Supreme Court. See Art. I, § 12, Fla. Const.
Reversed.
FARMER and TAYLOR, JJ., concur.