DAUKSCH, Judge.
This is an appeal from a judgment and term of probation for possession of a firearm by a convicted felon. Appellant appeals the trial court’s denial of his motion to suppress.
Deputy Sheriff Angelo Chiota testified at the suppression hearing that on January 28, 1990 at approximately 8:45 a.m., he was dispatched to Malaga Street, a White and Hispanic neighborhood, in response to a call regarding two suspicious males sleeping in a gold Buick with out-of-state tags which was parked on the street. The caller reported that the car had been parked there for a great deal of time and that there had been a number of problems in the area. He was unaware of who had placed the call.
When he arrived in the area, Chiota saw Deputy Corporal Regan driving northbound on Malaga Street. Regan advised him by radio that he had seen two males walking away from the Buick. When Chio-ta first saw the males, they were approximately seven or eight houses away from the Buick. Regan stopped his car and asked them to move out of the street and to walk in front of his car. Chiota got out of his car and the uniformed deputies asked the males if they could talk to them. They began inquiring as to what they were doing. Chiota testified that their intention at that point was to see if these males were the same males the caller had seen loitering and prowling around the neighborhood. When the deputies asked them if they had come from the car down the street, the males responded that they had. Regan advised them that he was going to pat them down and asked them if they had any weapons.
When Regan asked appellant if he had any weapons and if it would be all right to pat him down, appellant said that he had a gun in his right pocket and gave his permission for a pat down. At that point Chiota noticed that appellant was wearing *382 a large pair of oversized jeans with large pockets at least four or five inches deep which started below the knees. The right pocket appeared to be hanging down. Chi-ota noticed a bulge in the pocket. He patted the top of appellant’s right pocket and felt a small hard object. He opened the pocket and found a .25 automatic and appellant was arrested.
Appellant testified that on the day in question, he and his friend were waiting for their girlfriends to come out of his girlfriend’s aunt’s house. Because they arrived early they had slept in their car. When they awoke they decided to stretch their legs by walking around the block. The officers asked them for identification upon approaching them. Appellant denied having consented to the pat down search.
Because the initial stop was unlawful, we reverse the trial court’s denial of appellant’s motion to suppress. Under the facts of this case the deputies’ observation of appellant walking down the street at 8:45 in the morning with one or two other males in an alleged problem area did not give rise to a founded suspicion that they had committed, were committing or were about to commit a criminal offense. § 901.151(2), Fla.Stat. (1989). See Curry v. State, 570 So.2d 1071 (Fla. 5th DCA 1990); Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990); J.D. v. State, 568 So.2d 99 (Fla. 3d DCA 1990). Section 901.151(5), Florida Statutes (1989) authorizes a police officer to conduct a weapons search if there is probable cause to believe that the person he has temporarily detained is armed. Doctor v. State, 573 So.2d 157 (Fla. 4th DCA 1991); L.D.P. v. State, 551 So.2d 1257 (Fla. 1st DCA 1989). Although there was consent for the deputy to search appellant in this case, the seizure of the weapon should have been suppressed as fruit of the poisonous tree because the stop was unlawful. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Kell v. State, 559 So.2d 731 (Fla. 4th DCA 1990).
REVERSED.
HARRIS, J., concurs specially with opinion.
COBB, J., dissents with opinion.