644 So.2d 152 (1994)
Willie BURNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04094.
District Court of Appeal of Florida, Second District.
October 26, 1994.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Willie Burnett appeals his judgment and sentence entered following his no contest plea to possession of cocaine, specifically challenging the trial court's order denying his motion to suppress the cocaine found in Burnett's vehicle. We conclude that the motion should have been granted and reverse.
At the motion to suppress hearing, Officer Adams testified that he was conducting surveillance *153 of a house known to be a "crack house." His unit had made a number of cocaine possession arrests out of that particular house. Historically, police officers had observed individuals make contact with the people at the house, go to the back of the house, and then leave. Police officers then followed these individuals and subsequently stopped them. When stopped by the officers the individuals admitted that they had bought cocaine at the house.
Officer Adams testified that on the day of Burnett's arrest he saw Burnett's car park in front of this particular house. Burnett got out and spoke with a man outside of the house. Both men then walked out of Officer Adams' view for a few minutes. Shortly thereafter, Burnett returned to the car and appeared to be holding something in his hand which he did not appear to be holding when he arrived. Burnett then drove off. Officer Adams testified that he could not hear what Burnett said to the man at the house, saw nothing exchanged between the two men, saw no money, and did not see what was in Burnett's hand. Based on his observations, Officer Adams notified Officers Cooper and Trubilla to stop Burnett. Neither Officer Cooper nor Trubilla saw what Officer Adams had witnessed previously.
Officers Cooper and Trubilla subsequently stopped Burnett's vehicle. Officer Trubilla searched Burnett's vehicle and found fifteen pieces of crack cocaine underneath a hat on the front seat. Burnett did not consent to the search.
In order to justify an investigatory stop, a police officer must have a founded suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151. Fla. Stat. (1991); Randall v. State, 600 So.2d 553 (Fla. 2d DCA 1992). "A founded suspicion is one which has some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge." Smith v. State, 592 So.2d 1206, 1207 (Fla. 2d DCA 1992). Observations such as those of Officer Adams in this case, without his actually seeing a drug transaction or exchange of cash or packages consistent with drug transactions, are not sufficient to constitute a reasonable suspicion to support a stop. See State v. Paul, 638 So.2d 537 (Fla. 5th DCA 1994). See also M.J.S. v. State, 624 So.2d 359 (Fla. 2d DCA 1993). Absent founded suspicion to support a stop, the search is invalid, and the evidence obtained pursuant to the invalid search must be suppressed. Accordingly, we reverse the trial court's order denying the motion to suppress and remand this case to the trial court for proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and LAZZARA, J., concur.