781 So.2d 477 (2001)
Omar A. PHILLIPS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3188.
District Court of Appeal of Florida, Third District.
March 14, 2001.
*478 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
GODERICH, Judge.
The defendant, Omar A. Phillips, was charged with burglary of an unoccupied dwelling and petit theft. The defendant filed a motion to suppress evidence that was obtained when the police stopped him on the day of the burglary.
At the suppression hearing, Officer Campbell testified that when he responded to the burglary alarm, he saw that the door of the house had been kicked in. Officer Campbell detained a black man that was inside of a vehicle that was parked almost directly across the street from the house.
Officer Little testified that when he was responding to the burglary alarm, he saw a black man crossing a major thoroughfare that was approximately 1½ to 2 blocks away from the burglarized home. The man was not doing anything suspicious. When Officer Little arrived at the scene of the burglary, he saw that Officer Campbell was detaining a black man. Officer Little then issued a BOLO giving a description of the black man he saw crossing the street. At the time that the BOLO was issued, there was nothing connecting the black man to the burglary. Officer Little was suspicious because the black man was in a predominately white neighborhood.
Officer Duncan testified that as he was responding to the burglary alarm at approximately 11:00 a.m., he heard Officer Little's description. He saw the defendant, who matched Officer Little's description. As he approached the defendant, *479 other police officers were yelling at the defendant to get on the ground. The defendant complied. Officer Duncan then noticed that the defendant's T-shirt and pants were torn, and that his T-shirt was stained with vegetation and grass. Prior to interviewing the defendant, Officer Duncan searched him to ensure that he was not armed. Officer Duncan retrieved a watch that was taken from the burglarized house.
The defense counsel moved to suppress the watch arguing that the defendant was stopped because he was a black man walking in a predominately white neighborhood. The trial court denied the motion to suppress.
A jury later found the defendant guilty of burglary of an unoccupied dwelling and petit theft. This appeal followed.
The defendant contends that the trial court erred by denying his motion to suppress. We agree.
There are three levels of policecitizens encounters. The first level is a consensual encounter, the second level is an investigatory stop as enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and the third level is an arrest. Popple v. State, 626 So.2d 185, 186 (Fla.1993). In the instant case, an investigatory stop is involved. In order to justify an investigatory stop, a police officer must have a "well-founded, articulable suspicion that a person has committed, is committing, or is about to commit a crime." Thomasset v. State, 761 So.2d 383, 385 (Fla. 2d DCA 2000); see also § 901.151, Fla.Stat. (1997); Terry; Saturnino-Boudet v. State, 682 So.2d 188, 191 (Fla. 3d DCA 1996), review dismissed, 689 So.2d 1071 (Fla.1997); Burnett v. State, 644 So.2d 152, 153 (Fla. 2d DCA 1994); Popple, 626 So.2d at 186. If a police officer does not have the necessary founded suspicion to support the investigatory stop, the evidence obtained during the invalid search must be suppressed. Burnett v. State, 644 So.2d at 153.
When determining whether a reasonable and well-founded suspicion existed to justify the investigatory stop, the totality of the circumstances must be examined. Saturnino-Boudet, 682 So.2d at 191. The State relies on the fact that the defendant was seen walking down a street which was approximately 1½ to 2 blocks away from the burglarized home and that the defendant's clothing was torn and had grass stains.[1] These facts alone are not sufficient to justify an investigatory stop. Although the police officer's hunch was correct, "[a] `hunch' that criminal activity may be occurring is not sufficient." La-Fontaine v. State, 749 So.2d 558 (Fla. 2d DCA 2000); Moore v. State, 584 So.2d 1122, 1123 (Fla. 4th DCA 1991)("`Mere' or `bare' suspicion ... cannot support a [temporary] detention."); Popple, 626 So.2d at 186 ("Mere suspicion is not enough to support a[n] [investigatory] stop.").
In contrast, the defendant contends, and we agree, that the record indicates that the defendant was stopped because he was a black man walking in a predominately white neighborhood. Officer Little's testimony indicated that he became suspicious only after he learned that Officer Campbell was detaining a black man. Clearly, the fact that a black person is merely walking in a predominately white neighborhood does not indicate that he has committed, is committing, or is about to commit a crime. Racial incongruity, a person being allegedly "out of place" in a particular area, cannot constitute a finding of reasonable suspicion of *480 criminal behavior. State v. Barber, 118 Wash.2d 335, 823 P.2d 1068 (1992) (en banc); see also United States v. Bautista, 684 F.2d 1286, 1289 (9th Cir.1982) ("Race or color alone is not a sufficient basis for making an investigatory stop."), cert. denied, 459 U.S. 1211, 103 S.Ct. 1206, 75 L.Ed.2d 447 (1983) (citing United States v. Brignoni-Ponce, 422 U.S. 873, 886-87, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975)); La-Fontaine v. State, 749 So.2d 558 (Fla. 2d DCA 2000) (holding that there was no reasonable suspicion to justify an investigatory stop where a white female was talking to black males in a predominately black neighborhood known for drug activity). Therefore, because the police officers did not have the necessary founded suspicion to support the investigatory stop, the watch that was obtained during the invalid search must be suppressed.
Because the above issue is dispositive, we do not address the remaining issues raised by the defendant.
Reversed.
NOTES
[1] Because the police officers did not notice that the defendant's clothing were torn and stained until after the police officers stopped the defendant, the State may not rely on these facts to justify the investigatory stop.