PER CURIAM.
Pursuant to the state’s proper confession of error, we reverse the trial court’s order denying the Appellant’s motion to suppress unlawfully obtained evidence.[1] See § 901.151, Fla. Stat. (2001); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); J.L. v. State, 727 So.2d 204, 206 (Fla.1998), aff'd, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (holding that anonymous tip was insufficient to justify a Tern/ stop, absent indication that police independently observed suspicious or illegal conduct); Phillips v. State, 781 So.2d 477 (Fla. 3d DCA 2001) (“If a police officer does not have the necessary founded suspicion to support the investigatory stop, the evidence obtained during the invalid search must be suppressed.”) (citations omitted); L.M. v. State, 694 So.2d 118 (Fla. 3d DCA 1997) (holding that an anonymous tip does not give rise to reasonable suspicion sufficient to justify temporary detention); T.W.C. v. State, 666 So.2d 217 (Fla. 2d DCA 1995) (holding that deputy did not have a reasonable suspicion that minor had committed or was committing an offense, and even if there was a basis for a protective search, the search exceeded a pat-down of the outer clothing).
We reverse and remand with directions to discharge the Appellant.
Reversed and remanded.

. The Appellant pled nolo contendere, expressly reserving his right to appeal.