FARMER, J.
 

 Brown was convicted of burglary of a dwelling and possession of burglary tools. He appeals, arguing that his seizure and search of his person were improper and the evidence should have been suppressed. We affirm.
 

 As the event was still in progress, the resident of the unit where the burglary was taking place called police. While speaking to police on the phone, a police unit near the area responded immediately and seized defendant, the only person around, as the resident told police the intruder was leaving the rear area of the condominium. They took him to the unit, where the resident identified him as the person burglarizing the residence. Police also saw fresh pry marks near the lock mechanism on the sliding glass door at the rear of the house. They arrested him at that point. During a routine search of his person, police found a “rigged” screwdriver hidden in his underwear.
 

 The resident testified to hearing a sound at his door as he looked through the peephole and saw an unfamiliar black male. Seconds later, he saw the same man jump over the fence in the backyard, landing close to the sliding door. Because he was then on the phone with 911, he did not see what the man was doing but he did hear banging on his sliding door sounding like someone was trying to break the lock. When he finally looked outside, he noticed the man leaving the backyard of the unit just as a police officer arrived. He described the man as 5 § 8 and 180 pounds. Police confirmed this description with testimony that the suspect was 5 § 9 and 180 pounds. The resident was certain the man stopped by police was the same man he saw at his home and in the backyard.
 

 
 *337
 
 On appeal, defendant argues (as he did at trial) that police lacked a well-founded, articulable suspicion to believe defendant was involved in criminal activity justifying an investigatory seizure and search. He relies on
 
 Woodson v. State,
 
 579 So.2d 381 (Fla. 5th DCA 1991), where the court held that police observation of a man walking down the street at 8:45 in the morning with one or two other males in an area described as “problem” did not give rise to a founded suspicion. 579 So.2d at 382. Police were responding to a call regarding two suspicious males sleeping in a car. 579 So.2d at 381. Here defendant contends that, similarly, the officer’s observation of him walking away from the area between the victim’s townhouse was insufficient to justify an investigatory stop. Other than being male and in the area, which itself does not amount to founded suspicion, he contends there was no reason to stop and detain him.
 

 Defendant argues that, as in
 
 Woodson,
 
 a mere hunch is insufficient on which to ground an investigatory seizure.
 
 See Moore v. State,
 
 584 So.2d 1122 (Fla. 4th DCA 1991) (holding that bike rider in early morning hours, just blocks from apartment where burglary reported in progress, was insufficient to support reasonable suspicion);
 
 Phillips v. State,
 
 781 So.2d 477 (Fla. 3d DCA 2001) (holding that man in torn clothes with grass stains walking on street near burglarized home insufficient to justify investigatory stop). We have no quarrel with those holdings.
 

 But in this case there was something more to justify the stop. Police arrived at the scene while the event was still playing out. The resident described the suspect with enough particularity and directed police to the precise place where the intruder was taking his leave from the scene. Police found only a single person fitting that description at that precise place and time. And that person turned out to be defendant. Seizing him temporarily to return for the resident to make an identification was not unreasonable under these specific circumstances. They constitute additional facts missing in the authorities relied on by defendant.
 

 Defendant also appeals his sentence as a prison releasee reoffender. To prove the required release date, the State relied on a records custodian’s sealed
 
 Certification of Records
 
 complying with § 90.902(H).
 
 [1]
 
 A computer printout detailing Defendant’s overall inmate record was attached. Although the ending date stated on the records was not explicitly labeled
 
 release date,
 
 in context that can be its only meaning. There is nothing about this evidence bringing it within the holding in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008).
 

 Affirmed.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 .
 
 See Parker v. State,
 
 973 So.2d 1167, 1168-69 (Fla. 1st DCA 2007) (holding DOC Crime and Time Report admissible as business record where DOC records custodian properly certifies compliance with §§ 90.803(6) and 90.902(11), Fla. Stat.).